# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>MATTHEW WINSTON BUTLER,<br><br>Petitioner. | No. 54973-5-II<br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Matthew Butler seeks relief from personal restraint imposed as a result of his 2016 district court convictions for violation of a domestic violence protection order and for resisting arrest. He argues that he can collaterally attack the protection order because it was void. We disagree and deny Butler's petition.

Butler and Nancy Coplen had a child together in 1997. Butler and Coplen's relationship deteriorated after Coplen married another man in 2006. On June 4, 2013, following a confrontation between Butler and Coplen at a high school gym, Coplen filed a petition in superior court for an order of protection against Butler under RCW 26.50.030 and asked for a temporary order of protection.[1] A court commissioner denied the request for a temporary order because the petition did not list a specific incident and approximate date of domestic violence. After a hearing, another district court commissioner denied the request for a full domestic violence protection order for the same reason.

---

[1] The parties reference this as a district court order, but the petition and subsequent orders contain a superior court caption, and were filed under superior court cause number 13-2-07575-3.

On October 3, 2013, Coplen filed a petition for a parenting plan and a child support order in superior court. Along with that petition, Coplen filed a motion for a temporary protection order under former RCW 26.26.590 (2013), alleging additional facts, some of which occurred after June 4. The superior court judge entered a temporary protection order against Butler that day. The State later charged Butler with violating that order by sending Coplen an e-mail. Butler argued that the October 3 temporary order was barred by res judicata because of the denial of a protection order in June 2013. The superior court rejected his argument.

The State charged Butler in district court with two counts of cyberstalking, one count of violation of a domestic violence court order and one count of resisting arrest. A jury found him guilty as charged. Butler appealed to superior court, raising the res judicata argument among others. The superior court reversed his cyberstalking conviction on First Amendment grounds, but affirmed the convictions for violation of a domestic violence court order and for resisting arrest. Butler filed this timely personal restraint petition.

We may grant relief to a petitioner who is under restraint and who can demonstrate that his restraint is unlawful. RAP 16.4; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 262, 474 P.3d 524 (2020), *cert. denied*, No. 20-831 (U.S. Mar. 29, 2021). Restraint is unlawful when a conviction is obtained in violation of the United States Constitution or the Constitution and laws of the state of Washington. RAP 16.4(c)(2). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A

petitioner has the burden of demonstrating error and, if the error is constitutional, actual and substantial prejudice. *In re Pers. Restraint of Sandoval*, 189 Wn.2d 811, 821, 408 P.3d 675 (2018). If the error is not constitutional, the petitioner must show that the error represents a "'fundamental defect . . . that inherently resulted in a complete miscarriage of justice.'" 189 Wn.2d at 821 (quoting *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)).

Butler argues that because the October 3 protection order was barred by res judicata, his convictions for violation of a domestic violence court order and resisting arrest arising out of that order must be reversed. He acknowledges that under the collateral bar rule, he cannot challenge the validity of the October 3 protection order in a prosecution for violation of that order. *City of Seattle v. May*, 171 Wn.2d 847, 852, 256 P.3d 1161 (2011) (quoting *State v. Noah*, 103 Wn. App. 29, 46, 9 P.3d 858 (2000). He relies on *May* for its statement that "[a]n exception [to the collateral bar rule] exists for orders that are void." 171 Wn.2d at 852. He contends that the October 3 protection order is void because it is barred by res judicata, therefore the collateral bar rule does not apply. But even assuming that the October 3 protection order violates res judicata, Butler does not show that that violation renders the order void.

An order is void if the issuing court lacked jurisdiction over the parties, lacked subject matter jurisdiction, or lacked the inherent power to issue the order. *Bresolin v. Morris*, 86 Wn.2d 241, 245, 543 P.2d 325 (1975); *Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 278, 284, 534 P.2d 561 (1975). Here, the superior court had jurisdiction over the parties, had subject matter jurisdiction, and had the authority to issue

the October 3 temporary order.  Thus, Butler does not show it is void, so he is subject to the collateral bar rule prohibiting him from attacking the validity of that order.

Butler does not show any grounds for relief from personal restraint.  We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Glasgow, A.C.J.