IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>MATTHEW DEWAYNE DUBOIS,<br><br>                Petitioner. | No. 81182-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — In 2011, Matthew DeWayne DuBois pleaded guilty to murder in the second degree and unlawful possession of a firearm in the second degree. He was 16 years old when he committed the crimes. The State and defense jointly recommended the lowest standard range sentence of 165 months. The sentencing court followed their recommendation.

As explained below, given State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), DuBois filed this personal restraint petition[1] (PRP), challenging his sentence and arguing the sentencing court erred by failing to consider the mitigating qualities of his youth and to appreciate its discretion to impose an exceptional sentence below the standard range given that consideration. For the reasons discussed below, we grant DuBois's PRP and remand for resentencing.

## I. BACKGROUND

On the evening of December 31, 2009, 16-year-old DuBois, his girlfriend Mikarah Sanders, and his brother's girlfriend Carolyn Tolliver, were in DuBois's

---

[1] DuBois at first filed a motion for relief from judgment in the King County Superior Court. The superior court transferred the motion to this court for consideration as a PRP under CrR 7.8(c)(2).

Citations and pin cites are based on the Westlaw online version of the cited material.

living room. DuBois pulled out his gun and said he wanted "to shoot [it] off at midnight."

Later that evening, DuBois and Sanders went into his bedroom, and Tolliver stayed in the living room. Tolliver heard DuBois and Sanders argue about comments an ex-boyfriend posted on Sanders's MySpace[2] page. DuBois fatally shot Sanders in the head.

Tolliver heard the shot and then heard DuBois ask her to call 911. DuBois told Tolliver that "she needed to say someone shot them," and then he shot himself in the shoulder. They told law enforcement that an armed man with a blue bandana shot DuBois and Sanders. Tolliver later confessed that she lied because she was afraid of DuBois and his brother.

The State charged DuBois with (1) murder in the second degree with domestic violence and firearm allegations and (2) unlawful possession of a firearm in the second degree. The charges triggered the automatic decline statute, RCW 13.04.030, meaning DuBois proceeded as an adult in King County Superior Court. Based on DuBois's offender score, the standard sentencing range for murder in the second degree was between 165 and 265 months.

The State and DuBois entered into a plea agreement. The agreement provides, "The parties agree that neither party will seek an exceptional sentence." The State agreed to dismiss the domestic violence and firearm allegations and to recommend 165 months in prison, the low end of the standard range. DuBois pleaded guilty to murder in the second degree and unlawful

---

[2] MySpace is a social networking website.

possession of a firearm in the second degree and joined the State's recommendation of 165 months.

During the sentencing hearing, the court heard from various individuals: Sanders's great aunt Marisha Margette Chappel said, "I ask the Court that he get what he needs. And I don't mean just punishment, but this child needs psychiatric help, and he needs to be rehabilitated so that he doesn't repeat this offense." Sanders's grandmother Mary Love-Shavers asked the sentencing court to consider imposing the high end of the standard range because "[h]e shot her in the face, and then he tried to cover up the incident," "did not appear concerned about her welfare," and "had a criminal history." Love-Shavers said that DuBois "was a young man" and "his environment also contributed to his delinquency." Sanders's mother Zakiya Sanders asked the court to impose an exceptional sentence of 365 months because DuBois "shot her point blank with no remorse." While advocating for an exceptional sentence, Zakiya Sanders alluded to DuBois's childhood circumstances, youthfulness, and criminal history. She said, "You were allowed to possess and store guns and ammos in your home." She said, "You lack the problem solving skills it takes to productively deal with situations that a normal life brings." She also said, "His normal thinking is irrational. He doesn't possess healthy, problem solving capabilities. His emotions are out of control." She said DuBois "was failing UAs[3] and not attending school or counseling . . . [and] his criminal history was so repetitious."

The State recommended the low end of the sentencing range because of

---

[3] A "UA" is a urine analysis.

the nature of the "admissible evidence that would be presented at trial." But the State also said, "[L]et us be clear, this wasn't some innocent child who stumbled upon a gun that was improvidently left around for somebody to pick up. You only have to look at the defendant's extensive criminal history."

Defense counsel said DuBois accidentally shot Sanders. Counsel said DuBois and Sanders "loved each other in their own way, both as children acting as adults in a very conflicted and difficult community," and both had disruptive family experiences. Counsel also said,

> In this case, young Matthew Dubois was a child who had the tools of an adult without the ability to use them. He did not have the abilities—as we know now, from all the studies that have been done, his brain just doesn't work the way a 25 or a 30-year-old man's brain would work.
>
> He was still a 16-year-old boy. No matter how much he strutted, no matter how much his friends and he wanted to act tough, he was still a boy.

DuBois's grandmother Pastor Gwen Johnson talked about rehabilitation and said DuBois is "still a young man, and he needs a chance at life." DuBois's mother Mozelle DuBois said,

> I believe that my son should get the low end of the sentence, because I know that he's hurt a lot of people here, but I believe that my son deserves a chance to give back what he took.
>
> . . .
>
> He can't give back to Mikarah, but he can help others so that this doesn't happen to them.

About his attempt to cover-up the crime, she said, "[H]e was 16. He was scared."

The sentencing court said, "I have no doubt that the recommendation that has been made by both parties is based upon the evaluation of the evidence and/or lack thereof. And it is for this reason that I am going to follow the agreed

4

recommendation." It imposed the joint recommendation of 165 months for murder in the second degree and 12 months for unlawful possession of a firearm in the second degree to run concurrently. The sentencing court dismissed the deadly weapon and domestic violence allegations. It imposed 36 months of community custody.

About six years later, in 2017, our Supreme Court decided Houston-Sconiers, holding "[b]ecause 'children are different' under the Eighth Amendment,[4]" "[t]rial courts must consider mitigating qualities of youth at sentencing *and* must have discretion to impose any sentence below the otherwise applicable SRA[5] range and/or sentence enhancements." 188 Wn.2d at 9, 21 (emphasis added). DuBois moved for relief from judgment,[6] citing Houston-Sconiers as a significant change in the law that provides a basis for relief.

This court stayed consideration of DuBois's motion until our Supreme Court's decision in Ali and its companion case, Domingo-Cornelio. In re Pers. Restraint of Ali, 196 Wn.2d 220, 474 P.3d 507 (2020); In re Pers. Restraint of Domingo-Cornelio, 196 Wn.2d 255, 262, 474 P.3d 524 (2020). In Ali and

---

[4] U.S. CONST., amend. VIII.

[5] Sentencing Reform Act of 1981, ch. 9.94A RCW

[6] Before initiating this matter, DuBois moved for relief from judgment, citing this court's determination in Light-Roth that State v. O'Dell, 183 Wn.2d 680, 689, 358 P.3d 359 (2015), was a significant and material change in the law that provides a basis for remanding for the sentencing court to consider his youthfulness. In re Pers. Restraint of Light-Roth, 200 Wn. App. 149, 154, 401 P.3d 459 (2017), reversed, 191 Wn.2d 328, 422 P.3d 444 (2018). The State moved to transfer DuBois's initial motion to this court as a PRP. While Light-Roth was pending in our Supreme Court, the superior court transferred DuBois's motion as a PRP to this court. Our Supreme Court held in Light-Roth that O'Dell was not a significant change in the law. 191 Wn.2d at 338. This court then dismissed DuBois's petition addressing Light-Roth.

Domingo-Cornelio, our Supreme Court held that Houston-Sconiers is a significant and material change in the law that requires retroactive application on collateral review of "adult standard range sentences as well as mandatory enhancements under the SRA imposed for crimes committed while the defendant was a child." Ali, 196 Wn.2d at 235.

We consider DuBois's PRP given these decisions.

## II. ANALYSIS

DuBois seeks resentencing, asserting the sentencing court failed to consider the mitigating qualities of his youth and to appreciate its discretion to impose an exceptional sentence given that consideration as required by Houston-Sconiers. The State responds that DuBois's petition is time-barred and he fails to demonstrate actual and substantial prejudice. We grant DuBois's PRP and remand for resentencing in accordance with Houston-Sconiers.

Preliminarily, the State disagrees with the Supreme Court's decisions in Ali and Domingo-Cornelio and contends DuBois's petition is time-barred under RCW 10.73.090(1). But the State "recognizes that this Court is constrained to follow the decisions in Domingo-Cornelio and Ali." Those binding decisions hold that Houston-Sconiers is a significant and material change in the law that applies retroactively to DuBois's sentence. Thus, his petition is not time-barred.

"A petitioner must demonstrate by a preponderance of the evidence that [they were] actually and substantially prejudiced by the [claimed] constitutional error in order to obtain relief on collateral review." Ali, 196 Wn.2d at 242–43. "A petitioner establishes actual and substantial prejudice when a sentencing court

6

fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration." Domingo-Cornelio, 196 Wn.2d at 267–68; see also Ali, 196 Wn.2d at 241–42.

The State says this court should dismiss DuBois's PRP because he fails to demonstrate by a preponderance of the evidence that his sentence would have been shorter if the sentencing court had the benefit of Houston-Sconiers. The State's argument hinges on In re Pers. Restraint of Meippen, which provides,

> [A]lthough there is a mere possibility that the trial court could have departed from the SRA in light of Houston-Sconiers, mere possibilities do not establish a prima facie showing of actual and substantial prejudice. Meippen does not present any evidence that the trial court would have imposed a lesser sentence if it had the discretion to depart from the SRA standard sentencing ranges and mandatory sentence enhancements.

193 Wn.2d 310, 317, 440 P.3d 978 (2019).

But Domingo-Cornelio, which the Supreme Court decided after Meippen, holds:

> [A]ctual and substantial prejudice is not limited to circumstances where defense counsel makes an argument that is not legally available and the sentencing judge explicitly states that they would deviate from the SRA on that basis if they could.
>
> We do not expect lawyers to make every conceivable argument on the possibility that it may someday be recognized as a basis for an exceptional sentence. Nor do we expect sentencing judges to always signal in their oral rulings that they would exercise more discretion if they felt they had the authority to do so. *Instead, a petitioner establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light*

*of that consideration.*[7]

196 Wn.2d at 267–68 (emphasis added).[8]  To demonstrate actual and

substantial prejudice, DuBois must show that the sentencing court failed to

consider the mitigating qualities of youth or failed to appreciate its discretion to

impose any exceptional sentence given that consideration.

The State also says DuBois fails to show he would have requested an

exceptional sentence downward.  But again, his burden was to demonstrate

actual and substantial prejudice through the sentencing court's failure to consider

the dual mandates of Houston-Sconiers.

1.  Mitigating Qualities of Youth

To comply with the Eighth Amendment and Houston-Sconiers, courts

sentencing juveniles as adults must consider

> age and its "hallmark features," such as the juvenile's "immaturity,
> impetuosity, and failure to appreciate risks and consequences."  It
> must also consider factors like the nature of the juvenile's
> surrounding environment and family circumstances, the extent of the
> juvenile's participation in the crime, and "the way familial and peer
> pressures may have affected [them]."  And it must consider how

---

[7] Despite announcing this rule, in the same opinion, after it determined there was no evidence that the sentencing judge considered the mitigating qualities of youth or recognized her discretion to impose an exceptional sentence, the court wrote, "That Domingo-Cornelio's sentencing judge imposed the lowest standard range sentence when the State recommended the high end sentence is evidence that the judge was willing to consider mitigating factors that justify a lower sentence.  More likely than not, Domingo-Cornelio would have received a lesser sentence had the court complied with the dual mandates of Houston-Sconiers."  Id. at 268.  But it did not say that whether a lesser sentence is "more likely than not" is the standard for prejudice.

[8] In Wortham, the court did not reach this issue because the State conceded that "Ms. Wortham has demonstrated actual and substantial prejudice because the trial court did not recognize its discretion to impose a sentence below the standard range."  In re Pers. Restraint of Wortham, No. 37529-3-III, slip op. at 1 (Wash. Ct. App. Aug. 3, 2021) (unpublished), https://www.courts.wa.gov/opinions/ pdf/375293_unp.pdf.  See GR 14.1(c) ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated.

Houston-Sconiers, 188 Wn.2d at 23 (citations omitted) (quoting Miller v. Alabama, 567 U.S. 460, 471, 132 S. Ct. 2455, 2468, 183 L. Ed. 407 (2012)).

In Domingo-Cornelio, the sentencing court said it considered the presentence report and letters submitted in support of Domingo-Cornelio. 196 Wn.2d at 261, 267. But our Supreme Court saw "no evidence that the sentencing judge considered any mitigating qualities of Domingo-Cornelio's youth"; instead, it saw only "that she was aware of his age at the time of the crimes." Id. at 268. It said, "The sentencing judge said nothing about whether Domingo-Cornelio's youth mitigated his culpability. But silence does not constitute reasoning." Id. (citing State v. Ramos, 187 Wn.2d 420, 444, 387 P.3d 650 (2017) (requiring sentencing courts "thoroughly explain [their] reasoning" when sentencing juveniles to life without parole)).[9]

In Forcha-Williams, a panel of this court determined that the sentencing court considered mitigating qualities of youth when that court stated on the record that it "reviewed the presentence reports and recognized the similarity between Forcha-Williams's case and that of similarly situated youth," and acknowledged his tough past and prospects for rehabilitation. In re Pers. Restraint of Forcha-Williams, 18 Wn. App. 2d 167, 183, 490 P.3d 255 (2021).

DuBois says there is no evidence that the sentencing court considered any mitigating qualities of his youth. The State says, "The sentencing court was

---

[9] See also State v. Morales, noted at 15 Wn. App. 2d 1038, 2020 WL 7040658, at *2 (2020) (remanded for resentencing when the sentencing court did not discuss any mitigating qualities of youth on the record). See GR 14.1(c).

aware of the mitigating qualities of youth. However, the State contested DuBois'[s] claims that youth mitigated his culpability for the offense." As in Domingo-Cornelio and unlike in Forcha-Williams, the sentencing court did not make a record demonstrating it considered those statements. It said, "Mr. Dubois has chose[n] to plead guilty. . . . I respect and I honor the hours and hours that I know were spent in reaching this agreement." The sentencing court also said, "I have no doubt that the recommendation that has been made by both parties is based upon the evaluation of the evidence and/or lack thereof. And it is for this reason that I am going to follow the agreed recommendation." It did not mention DuBois's age. The sentencing court did not make a record showing that it considered any possible mitigating qualities of DuBois's youth. Because "silence does not constitute reasoning," we cannot say that the sentencing court considered any possible mitigating qualities of DuBois's youth. See e.g., Domingo-Cornelio, 196 Wn.2d at 268 ("Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile under Houston-Sconiers.").

    2. Discretion

"The Eighth Amendment requires trial courts to exercise discretion to consider the mitigating qualities of youth at sentencing in order to protect the substantive constitutional guaranty of punishment proportionate to culpability." Id. at 266. To establish prejudice, DuBois must demonstrate that the sentencing court did not appreciate its "absolute discretion to depart as far as they want

below otherwise applicable SRA ranges and/or sentencing enhancements." Houston-Sconiers, 188 Wn.2d at 9; see also Domingo-Cornelio, 196 Wn.2d at 268 (same).

DuBois says the sentencing court failed to appreciate its full discretion. During the sentencing hearing, counsel asked the court to "exercise your discretion" by "following the recommendation of both counsel[s]." Counsel did not suggest that the court had the discretion to deviate from the standard range. And the court did not mention its discretion or mention it was considering any sentence other than the joint recommendation.

Again, DuBois's sentencing hearing predated Houston-Sconiers, Ali, and Domingo-Cornelio. DuBois demonstrated actual and substantial prejudice by showing the sentencing court did not express any consideration of the possible mitigating qualities of his youth or of its appreciation of its discretion to impose an exceptional sentence given that consideration.

We thus grant DuBois's PRP and remand for resentencing.

_____
Chun, J.

WE CONCUR:

_____          _____
Verellen, J.                                               Appelwick, J.

11