# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>LARRY JAY FRENCH,<br><br>               Petitioner. | No. 55363-5-II<br><br>UNPUBLISHED OPINION |

CRUSER, J.—Larry Jay French seeks relief from personal restraint imposed as a result of his 2018 conviction for first degree child molestation.[1] We may grant relief to a petitioner who is under restraint and who can demonstrate his restraint is unlawful. RAP 16.4; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 262, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021). Restraint is unlawful when a conviction is obtained in violation of the United States Constitution or the Constitution and laws of the state of Washington. RAP 16.4(c)(2). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petitioner has the burden of demonstrating error and, if the error is constitutional, actual and substantial prejudice. *In re Pers. Restraint of*

---

[1] This court issued the mandate of French's direct appeal on January 13, 2020, making his January 6, 2021 petition timely filed. RCW 10.73.090(3)(b).

*Sandoval*, 189 Wn.2d 811, 821, 408 P.3d 675 (2018). If the error is not constitutional, the petitioner must show that the error represents a " 'fundamental defect . . . that inherently resulted in a complete miscarriage of justice.' " *Id.* (alteration in original) (quoting *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)).

First, French argues he received ineffective assistance of trial counsel, and was abandoned by trial counsel, in the following ways:

> (1) Failure to investigate whether French's relatives were trying to frame him;
> (2) Failure to interview the State's witnesses;
> (3) Failure to consult with his client about important issues;
> (4) Failure to review the State's evidence with his client;
> (5) Failure to file pretrial motions, motions in limine, jury instructions or objections to the State's proposed instructions;
> (6) Failure to conduct effective cross-examinations;
> (7) Failure to competently challenge the admissibility of a witness's testimony;
> (8) Failure to object to prosecutorial misconduct;
> (9) Refusal to allow French to testify;
> (10) Concession of guilt during closing argument;
> (11) Failure to impeach witnesses with prior inconsistent statements;
> (12) Failure to challenge evidence supporting an exceptional sentence;
> (13) Failure to file a statement of arrangements for the appeal;
> (14) Failure to obtain all of the State's evidence;
> (15) Failure to object to the trial court's prejudicial statements.

To establish ineffective assistance of counsel, French must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). French does not present sufficient evidence to overcome that presumption. He does not identify any admissible evidence or impeachment evidence that would have been obtained but for claims (1) through (4). He does

not identify any motions, proposed instructions or objections under claim (5) that would have been granted or given if made. He does not show that his counsel's cross-examinations were deficient under claim (6). As to claim (7), this court considered, and rejected, his arguments as to the admissibility of the witness's testimony in his direct appeal, *State v. French*, No. 36642-1-III, slip op. at 4-6 (Wash. Ct. App. July 2, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/366421_unp.pdf. Unless he shows that the interests of justice require it, he cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing. Thus, he does not demonstrate deficient performance regarding objecting to the testimony. As to claim (8), he does not demonstrate prosecutorial misconduct to which his counsel should have objected. As to claims (9) and (10), he does not demonstrate either that his counsel refused to allow him to testify or that his counsel conceded guilt. As to claim (11), he does not identify prior inconsistent statements, the failure to impeach with would have constituted deficient performance. As to claim (12), he does not demonstrate that his counsel's performance was deficient, only that it was unsuccessful in avoiding an exceptional sentence. As to claim (13), it was not trial counsel's responsibility to file the statement of arrangements; it was appellate counsel's responsibility. As to claim (14), he does not identify what evidence his trial counsel failed to obtain from the State. And as to claim (15), he does not identify any objectionable statement by the trial court. In summary, French fails to show that trial counsel's actions constitute deficient performance or ineffective assistance of counsel.

Second, French argues that he received ineffective assistance of appellate counsel in her failure to raise as claims of ineffectiveness of trial counsel, and as issues on appeal, the following:

(1) Failure in handling the hearsay objections;
(2) Stipulating to the DNA evidence;
(3) Not questioning the DNA expert about the presence of another male donor in the victim's panties;
(4) Suggesting that, in response to a jury question, the jurors look at the DNA evidence;
(5) Conceding French's guilt during closing argument;
(6) Failing to object to the trial court's comment on the evidence in answering the jury question;
(7) Failing to object to the prosecutor's misconduct during closing argument;
(8) Failing to argue that the evidence was insufficient.

French does not demonstrate that any of these arguments would have been meritorious if made, and so does not demonstrate ineffective assistance of appellate counsel.

Third, French appears to argue that the evidence against him was insufficient to find him guilty beyond a reasonable doubt. But the testimony of the witnesses, including the victim, as described in his direct appeal, was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt, despite French's claims that the testimony was unreliable.

Fourth, French argues that the aggravating factor jury instruction was deficient because it did not define "sexual abuse." But he does not show that such a definition is required. Nor does he show that the court was required to instruct the jury that it must be unanimous as to which acts of sexual abuse occurred.

Fifth, French argues that the State engaged in prosecutorial misconduct during closing argument. Where, as here, the defendant does not object to a prosecutor's argument, the defendant must show that the misconduct was so flagrant and ill-intentioned that an instruction could not have cured the misconduct. *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012). French

makes no such showing. Nor does he show that the trial court committed any error in answering a jury question by instructing them to consider the evidence presented during trial.

Finally, French argues that he was denied due process because he was not served with the information. But he does not demonstrate any failure of service.

French does not show any grounds for relief from personal restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, C.J.