IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>NICHOLAS EDWARD ANDERSON,<br><br><br>Petitioner. | No. 78611-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Nicholas Edward Anderson seeks relief from restraint following his guilty pleas in 2000 for murder in the first degree and attempted robbery in the first degree. He contends, under the Eighth Amendment to the United States Constitution, that he is entitled to resentencing because the sentencing court failed to consider any mitigating qualities of his youth. Anderson has since been released on parole. We deny his personal restraint petition (PRP) under RAP 16.4(d) because he has received an adequate remedy.

FACTS

Anderson was 16 years old when he committed the crimes of murder in the first degree and attempted robbery in the first degree while armed with a firearm. He pleaded guilty to those crimes in June 1999. Anderson was sentenced to 443 months, which included two weapons enhancements. The court noted that Anderson was remorseful and accepted responsibility for the

Citations and pin cites are based on the Westlaw online version of the cited material.

crime and should therefore receive the same sentence as his codefendant.[1]

Anderson did not appeal his convictions and they became final in February 2000. RCW 10.73.090(3)(a).

In December 2017, Anderson filed a CrR 7.8 motion for relief from judgment in Snohomish County Superior Court, arguing that the trial court erred by failing to consider his youth as a mitigating factor. The court concluded that Anderson's motion was untimely since it was filed more than a year after his sentence became final and transferred it to our court for review as a PRP. See CrR 7.8(c)(2).

This court stayed Anderson's PRP as the Washington Supreme Court considered Matter of Meippen, 193 Wn.2d 310, 440 P.3d 978 (2019). The court issued a second stay in March 2020 until the Washington Supreme Court decided two additional cases: In re Personal Restraint of Ali, 196 Wn.2d 220, 474 P.3d 507 (2020), and In re Personal Restraint of Domingo-Cornelio, 196 Wn.2d 255, 474 P.3d 524 (2020). Prior to the stay being lifted in January 2021,

---

[1] The sentencing court ruled:

[It] doesn't sit well with me that your sentence would exceed the sentence of [your codefendant]. And the only reason it does is for your priors that you had. I recognize you['re] accepting responsibility[.] . . . I think the sentence for [you both] should be the same, and that is the reason I impose it.

Anderson was released on parole.[2]

## DISCUSSION

Anderson argues that he is entitled to resentencing because the sentencing court failed to consider any mitigating qualities of his youth. The State contends that though the law has changed since Anderson's sentencing, he is not entitled to relief through a PRP because he has an adequate remedy having been released on parole. We agree with the State.

### Eligibility for Review under RCW 10.73.100(6)

RCW 10.73.090(1) requires individuals to file a motion for collateral attack of their judgement and sentence within one year after the judgement becomes final. The time limit does not apply, however, where there has been a "significant change in the law" that is both material to a conviction and retroactive. RCW 10.73.100(6).

The State concedes that the law has changed such that Anderson's PRP meets the time bar exemption under RCW 10.73.100(6). See Ali, 196 Wn.2d at 233-36 (recognizing that State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), is a significant change in the law requiring trial courts to consider

---

[2] Anderson was released on parole under RCW 9.94A.730, which permits a person who committed crime(s) prior to age 18, to petition the indeterminate sentence review board for early release after serving 20 years of imprisonment so long as they meet certain eligibility criteria. RCW 9.94A.730(1).

mitigating qualities of youth at sentencing and holding that the new substantive constitutional rule announced in that case must be applied retroactively); Domingo-Cornelio, 196 Wn.2d at 262-266.

The State does not dispute that Anderson has demonstrated prejudice required to warrant resentencing.[3] See Domingo-Cornelio, 196 Wn.2d at 268 (holding that "a petitioner establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration").

<u>Adequate Alternative Remedy</u>

Despite its concessions, the State contends Anderson's PRP must be dismissed because he has already received an "adequate remedy" precluding relief through a PRP. Under these facts, we agree.

We may only grant relief through a PRP if "other remedies which may be available to petitioner are inadequate under the circumstances." RAP 16.4(d).

In State v. Scott, 190 Wn.2d 586, 416 P.3d 1182 (2018), the Supreme Court addressed whether RCW 9.94A.730's parole provision was an "adequate remedy" precluding a petitioner from seeking relief through a PRP. Scott was

---

[3] Anderson's sentence followed a plea agreement. The parties do not raise any issues related to that fact.

convicted of premeditated murder in the first degree, a crime he committed at age 17. Id. at 588. Scott filed a PRP in 2016, by which time the United States Supreme Court held that mandatory life without parole sentences for juveniles violate the Eighth Amendment. Miller v. Alabama, 567 U.S. 460, 469, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). At the time of his PRP, Scott had unsuccessfully petitioned the Indeterminate Sentence Review Board (ISRB) for release under RCW 9.94A.730 ("Miller fix statute"). Scott, 190 Wn.2d at 598-99.

Scott argued that the appropriate remedy for the Miller violation was to remand his case for resentencing in consideration of youth. Id. at 592. The Supreme Court rejected Scott's argument, stating that

> [w]hile Miller held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders, the Court reiterated that [a] State is not required to guarantee eventual freedom, but must provide some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.

Scott, 190 Wn.2d at 593 (internal quotation marks and emphasis omitted) (quoting Miller, 567 U.S. at 479)). The court concluded that the parole provision in Washington's "Miller fix statute," RCW 9.94A.730—despite Scott's unsuccessful attempt to obtain parole—was "an adequate remedy for a Miller violation, rendering unnecessary the resentencing of a defendant who long ago received a de facto life sentence as a juvenile." Scott, 190 Wn.2d at 588.

5

Subsequent to the 2018 Scott decision, the Supreme Court clarified that while RCW 9.94A.730 may provide an adequate remedy for a Miller violation, it might not be an adequate remedy for a Houston-Sconiers violation under all circumstances. Ali, 196 Wn.2d at 246.

In Ali, the court concluded that RCW 9.94A.730 was not an adequate remedy where the petitioner was still ineligible for parole for several years.[4] Ali, 196 Wn.2d at 226, 229, 246. In Domingo-Cornelio, the Supreme Court concluded that RCW 9.94A.730 would not provide adequate relief for the petitioner because the statute would require him to serve 20 years before becoming eligible for release, the same term as his 240-month sentence. Domingo-Cornelio, 196 Wn.2d at 269 n.8.

In the instant case, Anderson entered state custody in June 1999. By the time he filed his PRP in 2018, Anderson had nearly become eligible for parole. Anderson has since been released after serving 20 years imprisonment and after being recommended for release by the ISRB in 2020 under RCW 9.94A.730. Similar to Scott, Anderson was eligible to obtain the benefit of RCW 9.94A.730 and went one step further than Scott in successfully petitioning for release. Unlike the petitioners in Ali and Domingo-Cornelio, Anderson is not waiting for

---

[4] Ali's crime was committed in 2008 and he was sentenced to 312 months. Ali, 196 Wn.2d at 226, 228. He filed his PRP in 2017. Id. at 229.

the *possibility of parole* several years in the future; he has been released from incarceration for over a year.

Anderson contends we should not rely on Scott because that decision only applied the rule announced in Miller (applying to juveniles sentenced to mandatory life without parole) but not the broader rule announced in Houston-Sconiers (applying to all juveniles regardless of sentence length). But Miller and Houston-Sconiers do not operate separately. Both decisions are based on the Eighth Amendment.[5] Miller, 567 U.S. at 470; Houston-Sconiers, 188 Wn.2d at 19. And the Washington Supreme Court decided Scott *after* Houston-Sconiers, specifically rejecting Scott's argument that Houston-Sconiers supported resentencing in his case. Scott, 190 Wn.2d at 594-95. Additionally, the court stated in Houston-Sconiers that RCW 9.94A.730 "may provide a remedy on collateral review." Houston-Sconiers, 188 Wn.2d at 23. Anderson fails to show how his case is distinct from that of the petitioner in Scott, particularly in light of the fact that Anderson has actually received the benefit of RCW 9.94A.730.

---

[5] Three justices in Scott agreed with the majority that the Eighth Amendment provides a remedy for a Miller violation, but in a concurrence noted that Washington's Constitution article I, section 14 is more protective of individual rights than the Eighth Amendment, and it is an "open question" whether RCW 9.94A.730 is an adequate remedy under Washington's State law. Scott, 190 Wn.2d at 602 (McCloud, J., concurring). As Anderson does not raise an article I, section 14 challenge, we do not address it here.

Anderson further argues that he is entitled to resentencing that considers the mitigating qualities of youth in determining the length of his parole term. We acknowledge that Anderson is still subject to the supervision of the Department of Corrections, potentially through the length of his court-imposed sentence. RCW 9.94A.730(5). However, that observation merely describes the nature of being on parole. If being eligible for parole, but denied parole under the Miller fix statute is an adequate remedy, then certainly being granted parole with the risk of it being revoked would be no different.

## CONCLUSION

Under these circumstances, and in accordance with RAP 16.4(d), we conclude that RCW 9.94A.730 provided Anderson an adequate remedy. We deny his petition.

Coburn, J.

WE CONCUR:

Brunner, J.          Andrus, A.C.J.

8