FILED
4/25/2022
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 82342-6-I |
| | ) | |
| SITUE SAMUELU FUIAVA, | ) | DIVISON ONE |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

MANN, J. — Situe Fuiava is currently in the custody of the Department of Corrections serving a sentence of 394 months after he pleaded guilty to charges of murder in the second degree, seven counts of assault in the second degree, and deadly weapon enhancements. Fuiava filed this personal restraint petition (PRP) and argues that remand for resentencing is required because the sentencing court both failed to meaningfully consider Fuiava's youthfulness and believed that it lacked discretion to run Fuiava's deadly weapon enhancements concurrently. We grant Fuiava's petition and remand for resentencing.

<u>FACTS</u>

Over a two-week period in late November and early December 2004, Fuiava shot eight people in three separate incidents, killing one and wounding seven others. Fuiava was 16 years old at the time of his crimes. The State charged Fuiava with multiple offenses relating to three separate shootings.

Citations and pin cites are based on the Westlaw online version of the cited material.

On November 1, 2005, the State and Fuiava entered into a plea agreement. Fuiava pleaded guilty to seven counts of assault in the second degree, one with a deadly weapon enhancement, and one count of murder in the second degree with a deadly weapon enhancement.

At sentencing, the State requested that the court sentence Fuiava to the low end of the Sentencing Reform Act (SRA), ch. 9.94A RCW, presumptive range on all counts for a total base sentence of 298 months. Fuiava's counsel responded with a request for an exceptional sentence downward. Fuiava's counsel noted that the mitigating factors in the SRA are nonexclusive, and argued that the presumptive range was excessive, warranting an Eighth Amendment analysis.

Although the sentencing court acknowledged the mitigating factors in Fuiava's sentencing memorandum, it stated, "the only issue before this court is whether an exceptional is appropriate or even permitted under the circumstances." The court elaborated:

> Although this issue is not before this court . . . mitigating circumstance would exist if this were an Eighth Amendment consideration case. This is not an Eighth Amendment case. And I won't venture into that discussion of the fact that under similar circumstances [these mitigation factors] would weigh heavily against imposing such a punishment under the Eighth Amendment. But that's not what we are talking about.
>
> We're talking about a standard range, and the question is did the legislature take into consideration those factors that are presented to the Court today?

The court, while expressing empathy for Fuiava's upbringing, concluded that despite explanations for Fuiava's behavior, no proper grounds existed for an exceptional sentence downward from the SRA range. The court likewise stated that it

was mandated by law to run Fuiava's deadly weapon enhancements consecutively to one another and to the base sentence. The court sentenced Fuiava to 394 months.

Fuiava filed this PRP.

ANALYSIS

Fuiava argues the sentencing court both failed to meaningfully consider his youthfulness and believed that it lacked discretion to run his deadly weapon enhancements concurrently. We agree.

We review sentencing decisions for abuse of discretion. State v. Delbosque, 195 Wn.2d 106, 116, 456 P.3d 806 (2020). A sentencing court abuses its discretion if its decision rests on untenable grounds or was made for untenable reasons. Delbosque, 195 Wn.2d at 116. Fuiava is entitled to resentencing if he shows that "he was actually and substantially prejudiced by the error in sentencing and there are no other adequate remedies available under the circumstances." In re Pers. Restraint of Ali, 196 Wn.2d 220, 241-42, 474 P.3d 507 (2020). "A petitioner establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration." In re Pers. Restraint of Domingo-Cornelio, 196 Wn.2d 255, 267-68, 474 P.3d 524 (2020).

Both the Eighth Amendment to the United States Constitution and article I section 14 of the Washington State Constitution protect against cruel punishment. In re Pers. Restraint of Monschke, 197 Wn.2d 305, 311, 482 P.3d 276 (2021). The Washington State Constitution provides greater protection than the Eighth Amendment in respect to juvenile sentencing. Monschke, 197 Wn.2d at 311. In State v. Houston-

Sconiers, our Supreme Court held that sentencing courts have complete discretion in sentencing juvenile defendants:

> In accordance with Miller, we hold that sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant, even in the adult criminal justice system, regardless of whether the juvenile is there following a decline hearing or not. To the extent our state statutes have been interpreted to bar such discretion with regard to juveniles, they are overruled. Trial courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements.

188 Wn.2d 188 Wn.2d 1, 21, 391 P.3d 409 (2017) (citing Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)).

A. Timeliness

Under RCW 10.73.090(1), a PRP cannot be "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Fuiava filed his PRP more than one year after his judgment and sentence became final. He relies on the exception to the time bar under RCW 10.73.100(6) that there has been a "(1) a substantial change in the law (2) that is material and (3) that applies retroactively." In re Pers. Restraint of Colbert, 186 Wn.2d 614, 619, 380 P.3d 504 (2016).

Our Supreme Court has expressly held that Houston-Sconiers, satisfies RCW 10.73.100(6)'s exemption to the time bar. Ali, 196 Wn.2d at 242 (citing Houston-Sconiers, 188 Wn.2d at 23). As a result, we consider Fuiava's PRP.

B. Youthfulness

Fuiava argues that the trial court abused its discretion by not meaningfully considering his youthfulness.

To comply with the Eighth Amendment and article I, section 14 of the Washington State Constitution, courts sentencing juveniles must consider: "age and its 'hallmark features,' such as the juvenile's 'immaturity, impetuosity, and failure to appreciate risks and consequences.'" Houston-Sconiers, 188 Wn.2d at 23 (quoting Miller, 567 U.S. at 477). It must also consider factors like the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, and "the way familial and peer pressure may have affected him [or her]." Houston-Sconiers, 188 Wn.2d at 23. And it must consider how youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated. Houston-Sconiers, 188 Wn.2d at 23 (citing Miller, 567 U.S. at 477).

Here, the sentencing court agreed that Fuiava's culpability was likely diminished because of his youthfulness, but that it would not consider it as a mitigating factor. The court stated:

> The defense suggests that the Court should consider a grid, and the grid is the seriousness of the crime, which is extremely high in this case, and weigh that out against the culpability of the defendant. And, in general, absent exceptional circumstances, we don't look at those factors. We don't look [at] individual factors of the defendant or their upbringing.

Although the court also made passing comments about Fuiava's challenging upbringing, his falling in with the wrong people, involvement with drugs, and innate disabilities, it did not consider Fuiava's youthfulness and its relationship to a potentially diminished culpability. Without the benefit of Houston-Sconiers, the court mistakenly believed that it was prohibited from considering Fuiava's youthfulness in its sentencing

decision. This understandable failure to consider Fuiava's youthfulness does not meet the standards presented by Houston-Sconiers and, as such, warrants remand.

C. Weapon Enhancements

Fuiava argues that the trial court mistakenly believed that it lacked discretion to run his deadly weapon enhancements concurrently.

At sentencing, the court stated, "there is a mandatory 60-months for the deadly weapon enhancement on the murder in the second degree conviction. The Court imposes the 60 months to run consecutive to the other counts and the deadly weapon also consecutive on [the assault]." This consecutive implementation of the deadly weapon enhancements led to an additional 96 months on Fuiava's sentence.

The court's statements assumed that its discretion was limited despite any mitigating factors of Fuiava's youthfulness. Again, without the aid of Houston-Sconiers, and its progeny, the trial court mistakenly made this assumption. As our Supreme Court has since noted, the sentencing court has absolute discretion in determining a youthful offender's sentence, even in the face of mandatory statutory language. Monschke, 197 Wn.2d at 323 (quoting Houston-Sconiers, 188 Wn.2d at 21); see also In re Pers. Restraint of Forcha-Williams, 18 Wn. App. 2d 167, 176, 490 P.3d 255 (2021) (holding that the trial court mistakenly believed that the SRA limited its sentencing despite the defendant's youthfulness.). In light of this holding, the sentencing court had absolute discretion in determining whether the deadly weapon enhancements may run concurrently; the court's mistaken belief that it did not warrants remand.

D. Prejudice

The State argues that Fuiava fails to establish actual and substantial prejudice. In doing so, the State asks us to overrule our recent holding in Forcha-Williams. The State insists that Forcha-Williams reads Domingo-Cornelio too broadly. We disagree and decline to reverse our decision in Forcha-Williams or depart from its reasoning.

Forcha-Williams cites Domingo-Cornelio for the following premise:

> A petitioner establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration.

Forcha-Williams, 18 Wn. App. 2d at 178 (citing Domingo-Cornelio, 196 Wn.2d at 267-68). The State contends that Forcha-Williams reads this quote out of context and with too literal an interpretation. The State is incorrect and Domingo-Cornelio's meaning is plain—"unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile under Houston-Sconiers." Domingo-Cornelio, 196 Wn.2d at 268. Here, the trial court both failed to consider Fuiava's youthfulness and mistakenly believed that it lacked discretion to run his deadly weapon enhancements concurrently. Thus, our remand in this case is consistent with both the decisions of this court and our Supreme Court.

We grant Fuiava's petition and remand for resentencing.

_____Mann, J._____

WE CONCUR:

_____Coburn, J._____                _____Hazelrigg, J._____