**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 17, 2020

*Stgree, C. J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 17, 2020

*Susan L Carlson*
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 97205-2 |
| | ) | EN BANC |
| ENDY DOMINGO-CORNELIO, | ) | |
| | ) | Filed: September 17, 2020 |
| Petitioner. | ) ) | |
| _____ | ) | |

MONTOYA-LEWIS, J.—"'Children are different.'" *State v. Houston-Sconiers*, 188 Wn.2d 1, 8, 391 P.3d 409 (2017) (quoting *Miller v. Alabama*, 567 U.S. 460, 480, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). The differences between children's and adults' culpability matter on a constitutional level in criminal sentencing. *State v. Ramos*, 187 Wn.2d 420, 428, 387 P.3d 650 (2017). In *Houston-Sconiers*, we held that the Eighth Amendment to the United States Constitution requires courts to consider the mitigating circumstances of youth when sentencing juveniles adjudicated as adults and must have absolute discretion to impose anything less than the standard adult sentence based on youth. 188 Wn.2d at 19. In this case and its companion case, *In re Personal Restraint of Ali*, No. 97205-2, slip op. (Wash. Sept. 17, 2020), https:/www.courts.wa.gov/opinions/, we consider whether

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Houston-Sconiers* constitutes a significant and material change in the law that requires retroactive application on collateral review. As in *Ali*, we hold that it does.

### I. FACTS AND PROCEDURAL HISTORY

A.      Factual Background

In 2014, Endy Domingo-Cornelio was convicted by a jury of one count of first degree rape of a child and three counts of child molestation. The crimes took place over a two-year span when Domingo-Cornelio was between 15-17 years old,[1] but because of delayed reporting, he was not investigated or charged until several years later, when he was 20 years old. Domingo-Cornelio was convicted and sentenced as an adult.

Under the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, Domingo-Cornelio faced a sentence between 240 and 318 months. At sentencing, the State recommended the maximum adult standard range of 318 months, followed by 36 months of community custody. In its recommendation, the State acknowledged that Domingo-Cornelio was under 18 at the time of the crimes to explain why an indeterminate sentence would not apply and why it was seeking 36 months of community custody instead of lifetime community custody.

---

[1] The Court of Appeals erroneously indicated that Domingo-Cornelio was between 14-16 years old at the time of the offenses. *In re Pers. Restraint of Domingo-Cornelio*, No. 50818-4-II, slip op. at 2 (Wash. Ct. App. Mar. 8, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050818-4-II%20Unpublished%20Opinion.pdf. The offenses occurred between November 2007 and November 2009, when Domingo-Cornelio was between 15-17 years old. Clerk's Papers at 1-2.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Domingo-Cornelio's defense counsel requested 240 months, the low end of the standard range. Defense counsel also mentioned that Domingo-Cornelio was under 18 at the time of the crimes but did not argue that there were any mitigating factors due to his youth and did not request an exceptional sentence:

> My client has a lot of family support, Your Honor. He was a juvenile when these incidents took place. I would like the Court to consider the fact that my client did not take the witness stand at this trial. He sat through the trial. He heard what was testified to.
>
> The standard range starts out at 20 years, Your Honor, 240 months. Now, I don't know what benefit to either my client's psychological or psychosexual health or to society or to the victim and their family it would do to give him more than the low end. 20 years, Your Honor. He is barely 20 himself. 20 years is a very long time in prison, and yes, the standard range goes above that quite a bit, but I would ask the Court to consider that the victim seems to be progressing through school right on time, on course. I believe she has been able to move on with her life after these acts, and I am glad that she has, and I hope that she has a decent—better than decent, a good life.
>
> I think that society, in general, does not demand acts that a teenager did, which weren't reported for four or five years, should result in more than 20 years in prison, and I'm asking that the Court consider all of the facts here, the lack of information from the family of the victim in the Presentence Investigation, and consider that Endy Domingo[-]Cornelio will be in prison for a minimum for 240 months, and that is long enough, Your Honor.

7 Verbatim Report of Proceedings (Sept. 25, 2014) (VRP) at 731-32. In addition to the presentence investigation report mentioned in the excerpt above, the sentencing judge considered several letters written in support of Domingo-Cornelio.

The court sentenced Domingo-Cornelio to the low end of 240 months of incarceration and 36 months of community custody supervision upon release. The

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

sentencing judge said that she had read the letters from friends and family and imposed this sentence "considering all of the information before the Court," but she made no mention of Domingo-Cornelio's youth in her ruling. 7 VRP at 733.

### B.     Procedural History

Domingo-Cornelio appealed unsuccessfully, and we denied discretionary review on August 31, 2016. We decided *Houston-Sconiers* on March 2, 2017, after Domingo-Cornelio's judgment and sentence became final. Domingo-Cornelio filed his personal restraint petition (PRP) in the Court of Appeals on August 30, 2017.

In his PRP, Domingo-Cornelio argued ineffective assistance of counsel and significant changes in the law relating to juvenile sentencing. The Court of Appeals retained the PRP for consideration on the merits but ultimately denied relief. *Domingo-Cornelio*, No. 50818-4-II, slip op. at 1. Relevant here, the Court of Appeals held that *Houston-Sconiers* did not constitute a significant change in the law because it did not overturn a prior appellate decision that was determinative of a material issue. *Id.* at 34. The court did not address materiality or retroactivity.

We granted review only on the issue of the applicability and effect of *Houston-Sconiers*. We also set a companion case, *Ali*, slip op. at 6, for consideration.

## II. ANALYSIS

Domingo-Cornelio filed his PRP within one year after his judgment and sentence became final, so his PRP is timely. RCW 10.73.090. The court will grant

4

*In re Pers. Restraint of Domingo-Cornelio*
No. 97205-2

appropriate relief if his restraint is unlawful for one or more reasons specified under RAP 16.4(c). RAP 16.4(a). Under RAP 16.4(c)(4), continued restraint is unlawful if "[t]here has been a significant change in the law, whether substantive or procedural, which is material to the . . . sentence, . . . and sufficient reasons exist to require retroactive application of the changed legal standard."

A.      Unlawful Restraint

In *Houston-Sconiers*, we held that when sentencing juveniles in adult court, "courts must consider mitigating qualities of youth" and "must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements."[2] 188 Wn.2d at 21. Although there are several factual and procedural differences between Domingo-Cornelio's case and the companion case, *Ali*, we conclude that *Houston-Sconiers* constitutes a significant change in the law material to both cases and that it requires retroactive application. [3]

1.      *Significant Change in the Law*

*Houston-Sconiers* represents a significant change in the law. *Ali*, slip op. at 11-13. "'One test to determine whether an [intervening case] represents a significant

---

[2] We rely on the summary of *Houston-Sconiers* in the companion case, *Ali*, slip op. at 7-10, for the animating principles of *Houston-Sconiers*.

[3] Because the requirements for a significant, material, and retroactive change in the law under RCW 10.73.100(6) are echoed in RAP 16.4(c)(4), we rely on our analysis of those requirements in *Ali*, slip op. at 11-23. However, since Domingo-Cornelio's petition is timely, he does not need to meet the requirements of RCW 10.73.100(6) for us to consider his petition; he needs only to establish that his restraint is unlawful under RAP 16.4(c).

5

change in the law is whether the defendant could have argued this issue before publication of the decision.'" *State v. Miller*, 185 Wn.2d 111, 115, 371 P.3d 528 (2016) (alteration in original) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258-59, 111 P.3d 837 (2005)).[4] Here, even if Domingo-Cornelio's sentencing court had discretion to impose a lower sentence prior to *Houston-Sconiers*, Domingo-Cornelio could *not* have argued that it *must* consider his youth before imposing a standard range sentence. Domingo-Cornelio could have, and did, argue for a low end standard range sentence based, in part, on his youth. However, he could *not* have argued that the sentencing court *must* consider mitigating factors relating to his youth in light of its absolute discretion to impose any lesser sentence. Therefore, *Houston-Sconiers* constitutes a significant change in the law.[5]

---

[4] *See also In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697 & n.9, 9 P.3d 206 (2000) ("While litigants have a duty to raise *available* arguments in a timely fashion and may later be procedurally penalized for failing to do so, . . . they should not be faulted for having omitted arguments that were essentially *unavailable* at the time." "While the State correctly notes that 'Washington case law is replete with examples of defendants challenging standing case law and succeeding in reversing that law,' we do not believe procedural restrictions should penalize litigants who fail to do so." (citation omitted)).

[5] Unlike in *Ali*, *State v. Brown*, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), would not have applied to Domingo-Cornelio because he was not sentenced to any weapon enhancements. However, *Houston-Sconiers* nevertheless meets the test for a significant change in the law under the above test.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

2.      *Materiality*

*Houston-Sconiers* is material to Domingo-Cornelio's case. Domingo-Cornelio was sentenced to a standard adult range under the SRA for crimes he committed as a child, one of the types of sentences that required the consideration of youth in *Houston-Sconiers*. 188 Wn.2d at 21. The sentencing court imposed a low end standard adult sentence—which defense counsel characterized as the "minimum" sentence—for crimes Domingo-Cornelio committed as a child. 7 VRP at 732. Under *Houston-Sconiers*, the sentencing court had discretion to impose an exceptional downward sentence and it was required to consider mitigating circumstances of youth at sentencing, which it appears it did not do.

The State argues that *Houston-Sconiers* is a significant change in the law only because it permits sentencing courts to depart from mandatory firearm enhancements that would deny a juvenile offender meaningful opportunity for release in their lifetime, and that the significant change is not material to Domingo-Cornelio because he was not sentenced to any weapon enhancements and did not receive a de facto life sentence. As we stated in *Ali*, slip op. at 13, this is wrong. We stated explicitly in *Houston-Sconiers* that "[t]rial courts must consider the mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the *otherwise applicable SRA range and/or sentence enhancements*." 188 Wn.2d at 21 (emphasis added). In that case, the State recommended a sentence below the SRA

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Pers. Restraint of Domingo-Cornelio*
No. 97205-2

range—zero months on the substantive crimes that otherwise would have carried SRA ranges but the full time for mandatory weapon enhancements—which it believed to be "just" but "technically illegal." *Id.* We disagreed with the State's and sentencing judge's belief that it was illegal to impose zero months for the substantive crimes instead of a sentence within the SRA range and held that sentencing courts must have discretion to impose any sentence below the otherwise applicable SRA range in light of the mitigating circumstances of the defendant's youth. *Id.* Thus, the fact that the defendants in *Houston-Sconiers* were sentenced to time only for the weapon enhancements does not mean that the case was limited to such enhancements. We made clear that our holdings applied equally to any otherwise applicable SRA range or enhancement. *Id.*[6]

Domingo-Cornelio received the kind of sentence that implicates *Houston-Sconiers*; thus, that case is material. The change in the law is material to adult standard range sentences imposed for crimes the defendant committed as a child. Prior to *Houston-Sconiers*, Domingo-Cornelio could not have argued that the court was required to consider his youth at sentencing or that it had to consider whether

---

[6] *See also State v. Gilbert*, 193 Wn.2d 169, 175-76, 438 P.3d 133 (2019) ("We held [in *Houston-Sconiers*] that sentencing courts possess this discretion to consider downward sentences for juvenile offenders regardless of *any sentencing provision to the contrary*. . . . Our opinion in that case cannot be read as confined to the firearm enhancement statutes as it went so far as to question *any* statute that acts to limit consideration of the mitigating factors of youth during sentencing.") (first emphasis added).

8

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

his youth justified any exceptional sentence downward in light of its absolute

discretion.

### 3. *Retroactivity*

A new rule applies retroactively on collateral review only if it is a new

substantive rule of constitutional law or a watershed rule of criminal procedure. *See*

*Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 728, 193 L. Ed. 2d 599 (2016)

(citing *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)).

As we held in *Ali*, "*Houston-Sconiers* applies retroactively because it announced (1)

a new rule (2) of constitutional magnitude (3) that is substantive." *Ali*, slip op. at 15.

First, *Houston-Sconiers* announced a new rule, holding that the Eighth

Amendment requires sentencing courts to consider mitigating circumstances of

youth and to have absolute discretion to impose any sentence below the SRA range

or enhancements in order to protect juveniles who lack adult culpability from

disproportionate punishment. 188 Wn.2d at 19-21; *Ali*, slip op. at 15. The

requirement that sentencing courts *must* consider youth and *must* have discretion to

impose any exceptional sentence downward based on youth were not dictated by

existing precedent at the time Domingo-Cornelio's sentence became final, so

*Houston-Sconiers* announced a new rule. *Ali*, slip op. at 15; *In re Pers. Restraint of*

*Yung-Cheng Tsai*, 183 Wn.2d 91, 104, 351 P.3d 138 (2015).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Second, we decided *Houston-Sconiers* on constitutional grounds. 188 Wn.2d at 18-19; *Ali*, slip op. at 16. *Houston-Sconiers* followed a line of United States Supreme Court cases holding "that the Eighth Amendment to the United States Constitution compels us to recognize that children are different." 188 Wn.2d at 18 (citing *Miller*, 567 U.S. at 480; *Graham v. Florida*, 560 U.S. 48, 68-70, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *Roper v. Simmons*, 543 U.S. 551, 569-70, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)); *see also Ali*, slip op. at 8, 16.

Third, *Houston-Sconiers* announced a substantive constitutional rule. *Ali*, slip op. at 16-23. Substantive rules include "'rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Montgomery*, 136 S. Ct. at 729 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002)). *Houston-Sconiers* identified a category of punishments that are beyond courts' authority to impose: adult standard SRA ranges and enhancements for juveniles who possess such diminished culpability that those sentences would be disproportionate punishment. *Ali*, slip op. at 17; *Houston-Sconiers*, 188 Wn.2d at 19-21. It also established the mechanism necessary to effectuate that substantive rule. The Eighth Amendment requires trial courts to exercise discretion to consider the mitigating qualities of youth at sentencing in order to protect the substantive constitutional

guaranty of punishment proportionate to culpability. *Ali*, slip op. at 17; *Houston-Sconiers*, 188 Wn.2d at 19-20; *see also Montgomery*, 136 S. Ct. at 732-33.

*Houston-Sconiers* constitutes a significant change in the law that is material to Domingo-Cornelio's sentence and requires retroactive application. *Ali*, slip op. at 23. Domingo-Cornelio is entitled to resentencing if he demonstrates actual and substantial prejudice and there are no other adequate remedies available. RAP 16.4.

B.      Prejudice

A petitioner must demonstrate by a preponderance of the evidence that he was actually and substantially prejudiced by the constitutional error in order to obtain relief on collateral review. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). In *Houston-Sconiers*, we explained that *Miller* requires discretion to impose any sentence below the SRA range or enhancements based on youth, and "provides the guidance on how to use it." 188 Wn.2d at 23 (listing mitigating circumstances of youth that courts must consider). Here, there is no evidence to suggest that the sentencing court considered any mitigating circumstances relating to Domingo-Cornelio's youth. Instead, the only relevant information presented to the sentencing court was Domingo-Cornelio's age at the time of the crimes. Moreover, defense counsel erroneously characterized the low end of the adult standard range as the "minimum" sentence for Domingo-Cornelio. 7 VRP at 732.

*In re Pers. Restraint of Domingo-Cornelio*
No. 97205-2

In *Ali*, we found that the petitioner had established actual and substantial prejudice by a preponderance of the evidence when the sentencing court was presented with significant evidence of mitigating circumstances of the petitioner's youth, defense counsel requested an exceptional sentence based on youth, and the court imposed the low end of the SRA range, believing it lacked discretion to impose anything less. *Ali*, slip op. at 25-26. There, the evidence of prejudice was overwhelming. However, actual and substantial prejudice is not limited to circumstances where defense counsel makes an argument that is not legally available and the sentencing judge explicitly states that they would deviate from the SRA on that basis if they could.

We do not expect lawyers to make every conceivable argument on the possibility that it may someday be recognized as a basis for an exceptional sentence.[7] Nor do we expect sentencing judges to always signal in their oral rulings that they would exercise more discretion if they felt they had the authority to do so. Instead, a petitioner establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration.

---

[7] *See Greening*, 141 Wn.2d at 697 & n.9 (litigants should not be penalized for failing to raise unavailable arguments).

12

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile under *Houston-Sconiers*. Here, there is no evidence that the sentencing judge considered any mitigating qualities of Domingo-Cornelio's youth or that she knew she had discretion to impose an exceptional sentence based on youth, just that she was aware of his age at the time of the crimes. Domingo-Cornelio's counsel did not argue any mitigating factors relating to youthfulness or request an exceptional sentence. The sentencing judge said nothing about whether Domingo-Cornelio's youth mitigated his culpability. But silence does not constitute reasoning. *See Ramos*, 187 Wn.2d at 444 (requiring courts sentencing juveniles to life without parole to "thoroughly explain [their] reasoning" as to why a juvenile deserves such a sentence, "specifically considering the differences between juveniles and adults" in the process). That Domingo-Cornelio's sentencing judge imposed the lowest standard range sentence when the State recommended the high end sentence is evidence that the judge was willing to consider mitigating factors that justify a lower sentence. More likely than not, Domingo-Cornelio would have received a lesser sentence had the court complied with the dual mandates of *Houston-Sconiers*.

Domingo-Cornelio has met his burden to establish prejudice. He has established that his sentencing did not comply with *Houston-Sconiers* and that more

*In re Pers. Restraint of Domingo-Cornelio*
No. 97205-2

likely than not, he would have received a lesser sentence if it had. Domingo-Cornelio

is entitled to relief by this PRP because his restraint is unlawful, he has been actually

and substantially prejudiced, and the State does not dispute that the other remedies

are inadequate under the circumstances.[8]

## III. CONCLUSION

*Houston-Sconiers* announced a significant change in the law, which is

material to Domingo-Cornelio's sentence and requires retroactive application.

Domingo-Cornelio was actually and substantially prejudiced by the sentencing

court's failure to meaningfully consider youth and to appreciate its absolute

discretion to impose a sentence below the adult SRA range for crimes he committed

as a child. Domingo-Cornelio's PRP is granted, and we order resentencing consistent

with *Houston-Sconiers*.

---

[8] The court "will only grant relief by a [PRP] if other remedies which may be available to the petitioner are inadequate under the circumstances." RAP 16.4(d). Unlike in *Ali*, the State does not contend that the *Miller*-fix statute, RCW 9.94A.730, could provide adequate relief to Domingo-Cornelio. That statute would permit Domingo-Cornelio to petition for early release after he serves 20 years—the full term of the sentence he originally received in violation of *Houston-Sconiers*— which is no relief at all.

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Pers. Restraint of Domingo-Cornelio*
No. 97205-2

Montoya-Lewis, J

WE CONCUR:

_____            González, J.

_____            Gordon McCloud, J.

_____            Yu, J

Owens, J                           Wiggins, J PT

15

*In re Pers. Restraint of Domingo-Cornelio*

No. 97205-2

JOHNSON, J. (dissenting)—For the reasons stated in my dissenting opinion

in *In re Personal Restraint of Ali*, No. 95578-6, I dissent.

_____

Stephens, C.J.

Madsen, J.