# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MARIO MARSHAWN STEELE,<br><br>                         Petitioner. | No. 54582-9-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — In this personal restraint petition (PRP), Mario M. Steele challenges his first degree robbery conviction. He argues that his *Alford*[1] plea was not supported by strong evidence. We disagree and deny his PRP.

## FACTS[2]

On the evening of January 16, 2011, Lenard Masten was shot and killed at his apartment complex. Earlier that day, Masten sold cocaine to Steele and another man. Being dissatisfied with the quality of the cocaine, Steele and the other man decided they would rob Masten to get their money back. Steele set up a meeting to confront Masten. During the confrontation, Masten was shot. Witnesses saw one of the men rummaging through Masten's clothing and taking Masten's phone, keys, and other items.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The following facts rely in part on the facts set forth in our opinion in *State v. Steele*, No. 51505-9-II, slip op. at 1-2, (Wash. Ct. App. July 9, 2019) (unpublished), http://www.courts.wa.gov/opinions, *review denied*, 194 Wn.2d 1007 (2019).

The State originally charged Steele with first degree murder. Steele entered an *Alford* plea to first degree manslaughter while armed with a firearm and first degree robbery.[3]

Steele agreed that the trial court could establish a factual basis for the plea based on the probable cause statement. The statement reads, "[w]itnesses indicated that the shooting party rummaged through Mr. Masten's clothing and apparently took his cell phone, keys and perhaps other items." Br. of Resp't App. at 16.

The trial court accepted Steele's guilty plea and entered a judgment and sentence in 2012. Steele appealed in 2019. This court permitted him to file a late notice of appeal. This court affirmed his conviction and the matter mandated on November 13, 2019. This timely PRP followed.

ANALYSIS

Steele argues his *Alford* plea is invalid because the record does not contain strong evidence of his actual guilt because the taking of personal property was done after Masten was shot. We disagree.

I. PRP STANDARD OF REVIEW

We may grant relief to a petitioner who is under restraint and who can demonstrate his restraint is unlawful. RAP 16.4; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 262, 474 P.3d 524 (2020), *cert. denied*, No. 20-831 (U.S. Mar. 29, 2021). Restraint is unlawful when a conviction is obtained in violation of the United States Constitution or the Constitution and laws of the state of Washington. RAP 16.4(c)(2).

"Relief by way of a collateral challenge to a conviction is extraordinary, and a petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers.*

---

[3] Steele does not challenge his manslaughter conviction.

*Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petitioner has the burden of demonstrating error and, if the error is constitutional, actual and substantial prejudice. *In re Pers. Restraint of Sandoval*, 189 Wn.2d 811, 821, 408 P.3d 675 (2018). If the error is not constitutional, the petitioner must show that the error represents a "'fundamental defect . . . that inherently resulted in a complete miscarriage of justice.'" *Id*. (quoting *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)).

II.      LEGAL PRINCIPLES

"In an *Alford* plea, the accused technically does not acknowledge guilt but concedes there is sufficient evidence to support a conviction." *In re Pers. Restraint of Cross*, 178 Wn.2d 519, 521, 309 P.3d 1186 (2013). There must be "'strong evidence of actual guilt'" before the trial court accepts the defendant's *Alford* plea. *In re Pers. Restraint of Montoya*, 109 Wn.2d 270, 280, 744 P.2d 340 (1987) (quoting *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)), *abrogated on other grounds by State v. Buckman*, 190 Wn.2d 51, 409 P.3d 193 (2018).

First degree robbery occurs when a person takes personal property belonging to another with intent to steal from the person by use or threatened use of immediate force, violence, or fear of injury and in the commission therefore, or in immediate flight therefrom, he or she was armed with a deadly weapon. RCW 9A.56.200(1)(a)(i). A robbery can occur even though the taking is not completed until after the victim's death. *State v. Craig*, 82 Wn.2d 777, 783, 514 P.2d 151 (1973).

III.     EVIDENCE SUPPORTS *ALFORD* PLEA

Steele argues that his *Alford* plea was not supported by strong evidence because the taking of personal property from Masten was done after he was shot. But the Supreme Court rejected

Steele's theory in *Craig*, 82 Wn.2d at 783.  For this reason, the trial court did not error in accepting Steele's *Alford* plea.  Accordingly, we deny his PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, P.J.

_____
Cruser, J.

4