# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DARON WAYNE YOUNG,<br><br>                Petitioner. | No. 53435-5-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Daron W. Young pled guilty in 2009, at 18 years of age, to multiple criminal counts. He received a jointly-requested sentence. Young now brings a personal restraint petition (PRP) arguing that the trial court failed to consider the mitigating factors of youth at his sentencing, and therefore, he is entitled to resentencing. We determine that Young's petition is time-barred and accordingly dismiss it.

FACTS

Between November 2007 and October 2008, Young committed a series of residential burglaries. Under three separate cause numbers, the State charged Young with a total of 35 counts related to the burglaries, including firearm and deadly weapon enhancements. One of the cause numbers included a single count for a crime that occurred when Young was 17 years old; the remaining 34 counts were for crimes committed when he was 18 years old. The State also filed a notice of intent to seek an exceptional sentence for each of the cause numbers.

Eventually, the State and Young reached a plea agreement for all three cause numbers in which Young pled guilty to 25 counts, including one deadly weapon enhancement and two firearm enhancements. The parties agreed to jointly recommend a sentence of 231 months—the low end

of the standard range. The trial court imposed a sentence of 87 months for the cause number that included the crime committed when Young was 17. For the other two cause numbers, the trial court imposed concurrent sentences of 84 months and 231 months. Young did not file a direct appeal. Young has now finished serving the sentence for the cause number that included a crime he committed when he was 17.

About ten years after his judgments and sentences became final, Young brought this PRP seeking relief under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). Young requests resentencing, but asserts that he is not seeking to withdraw his plea and "intends to abide by terms of the agreement at resentencing." Personal Restraint Petition at 13.

ANALYSIS

Young argues that he is entitled to resentencing under *Houston-Sconiers* because the trial court failed to consider the mitigating factors of youth at his sentencing. We disagree and dismiss his petition as untimely.

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year of their judgment and sentence becoming final. However, there are exceptions to the time bar, one being for a significant change in the law that is material to the petitioner's conviction or sentence and is retroactively applicable. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021).

In *Houston-Sconiers*, the court held that the Eighth Amendment requires the trial court to consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. 188 Wn.2d at 18-21. The court stated that "sentencing courts must have complete discretion to

2

consider mitigating circumstances associated with the youth of any juvenile defendant." *Id.* at 21. However, the court's holding in *Houston-Sconiers* was expressly limited to "sentencing *juveniles* in the adult criminal justice system." *Id.* at 34 (emphasis added). In the context of a PRP, *Houston-Sconiers* may be material where defendants are in custody for crimes committed when they were juveniles. *See Ali*, 196 Wn.2d at 234-36; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 263-65, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021).

Here, although Young was a juvenile when he committed one of his crimes, he has finished serving his sentence for that specific cause number. Accordingly, we can no longer provide Young's requested relief under that cause number. As for the cause number for which Young remains in custody, Young was over the age of 18 at the time he committed those crimes. Because *Houston-Sconiers* does not apply to crimes committed by a defendant over the age of 18, it is not material to Young's remaining sentence. *See In re Pers. Restraint of Young*, ___ Wn. App. 2d ___, ___ P.3d ___, 2022 WL 1221098 (Apr. 26, 2022).[1] Accordingly, we dismiss Young's PRP as time-barred.[2]

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2051385-4-II%20Published%20Opinion.pdf.

[2] Because we dismiss Young's PRP as time-barred, we do not address whether he would be entitled to resentencing without first withdrawing his plea.

No. 53435-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C

MAXA, J.