**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56530-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANTHONY EUGENE RALLS, | |
| Appellant. | |

WORSWICK, J. — Anthony Ralls appeals his amended judgment and sentence following his conviction for first degree murder. Ralls argues that the trial court violated the excessive fines clause by ordering him to pay the $500 crime victim penalty assessment and by imposing supervision fees. In a statement of additional grounds for review, Ralls also argues that he is entitled to resentencing for the trial court to consider the mitigating qualities of his youth at the time of the crime. We disagree with Ralls's arguments and affirm but remand to the trial court to correct its scrivener's error and strike the supervision fees.

FACTS

In 2014, a jury found Ralls guilty of first degree murder stemming from the 1988 killing of Bernard Houston. Ralls was 19 at the time of the murder. The trial court originally sentenced Ralls to 333 months confinement and imposed a total of $2,800 in legal financial obligations (LFOs).

No. 56530-7-II

In 2021, following the Washington Supreme Court's decision in *State v. Blake*,[1] the trial court held a resentencing hearing wherein the State and Ralls agreed that the court should correct Ralls's judgment and sentence to reflect a lower offender score and standard sentence range. Ralls also asked the trial court to consider his youthfulness at the time of the offense arguing, "[T]he case law . . . on youthfulness and brain development and childhood influences associated with that have developed quite a bit since [] Ralls was sentenced on this case and when the incident took place." Report of Proceedings (RP) at 6.

In its ruling on resentencing, the trial court considered Ralls's reduced offender score and the fact that he had no prior criminal history at the time of the offense. The trial court also acknowledged the mitigating factor of Ralls's youthfulness at the time of the offense. The trial court imposed 300 months of confinement, a standard range sentence.

Consistent with the Washington Supreme Court's decision in *State v. Blazina*,[2] the trial court also granted the State's motion to strike $2,300 of the legal financial obligations from Ralls's judgment and sentence, leaving only the mandatory $500 crime victim penalty assessment. The order correcting Ralls's judgment and sentence stated the court's intention to waive "all non-mandatory LFOs and interest." CP at 66. But the court did not strike boilerplate language relating to the terms of community custody that permitted the collection of community custody supervision fees.

Ralls appeals.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).
[2] *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015).

No. 56530-7-II

ANALYSIS

Ralls argues that the trial court violated the excessive fines clause by ordering him to pay the $500 crime victim penalty assessment. We disagree.

The first step in determining whether state action violates the excessive fines clause is determining whether the state action constitutes punishment. *City of Seattle v. Long*, 198 Wn.2d 136, 163, 493 P.3d 94 (2021). The victim penalty assessment is derived from RCW 7.68.035, which states in relevant portion:

> (1)(a) When any person is found guilty in any superior court of having committed a crime, except as provided in subsection (2) of this section, there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony.

We begin by acknowledging our court's opinion in *Mathers* which unequivocally provided that the crime victim penalty assessment is not punitive in nature. *State v. Mathers*, 193 Wn. App. 913, 920, 376 P.3d 1163 (2016). Ralls ignores this precedent. In the absence of persuasive argument or authority as to why it is distinguishable or should be overturned, we follow our established precedent holding that the crime victim penalty assessment is non-punitive. *See In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 150, 410 P.3d 1133 (2018).

Accordingly, we hold that as a non-punitive assessment, the crime victim penalty assessment does not constitute a penalty for purposes of the excessive fines clause and end our inquiry.

Ralls also argues that the trial court violated the excessive fines clause by ordering him to pay supervision fees. Because the record shows that the trial court intended to waive the supervision fees, we do not reach this issue, but we do remand the case to the trial court to clarify

3

the judgment and sentence by striking the supervision fees.[3]  In its order correcting Ralls's

judgment and sentence, the trial court clearly stated its intention to waive all non-mandatory

LFOs and interest, leaving only the $500 crime victim penalty assessment.  However, the order

did not expressly strike the line in the judgment and sentence where the imposition of

supervision fees occurs—a brief clause in a block of boilerplate language relating to the terms of

community custody.  Given the location of the clause, it is easy to understand how the trial court

overlooked the need to specifically strike this language from the amended judgment and

sentence.  Accordingly, we remand to the trial court to correct this scrivener's error and strike the

supervision fees from the judgment and sentence.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In a statement of additional grounds for review, Ralls argues that he is entitled to

resentencing for consideration of the mitigating effect of his youth at the time of his crime.  Ralls

contends that *In re Pers. Restraint of Monschke*,[4] requires he be resentenced because he was 19

years old at the time of his crime.  But *Monschke* does not apply to his case.

The plurality decision in *Monschke* split between a lead opinion, concurrence, and

dissent.  The lead opinion extended the holding of *State v. Bassett*—that mandatorily sentencing

juvenile offenders to life without parole or release is unconstitutional—to 20-year olds.

*Monschke*, 197 Wn.2d at 326.  But our Supreme Court has yet to extend *Monschke* beyond

Washington's aggravated murder statute, RCW 10.95.030 which *required* life without parole

sentences for defendants aged 18 and older.  *See In re Pers. Restraint of Kennedy*, No. 99748-9,

---

[3] The State expressly does not oppose this course of action.   See Br. of Resp't 14.
[4] 197 Wn.2d 305, 482 P.3d 276 (2021).

slip op. at 27, (Wash. Jul. 28, 2022), https://www.courts.wa.gov/opinions/pdf/997489.pdf.

Recently, our Supreme Court distinguished *Monschke* from a petition involving a 21-year old convicted of first degree murder and second degree attempted murder. *In re Pers. Restraint of Davis*, No. 98340-2, slip op. at 4, (Wash. Aug. 11, 2022), https://www.courts.wa.gov/opinions/pdf/983402.pdf. The court explained "The [*Monschke*] lead opinion's neuroscientific discussion is tied to its analysis of the aggravated murder statute and its holding and reasoning are limited to the statute at issue (RCW 10.95.030) as applied to the petitioners." *Davis*, slip op. at 10.

As in *Davis*, Ralls was convicted of and sentenced for first degree murder under RCW 9A.32.030(1)(b), and the trial court imposed a sentence of 300 months that was not mandated by any sentencing statute. Unlike in *Monschke*, the trial court here had discretion to depart from the standard range based on youth (among other factors). Accordingly, the *Monschke* lead opinion does not entitle Ralls to the relief he seeks.

Ralls also argues that he is entitled to resentencing based on *Miller v. Alabama*,[5] *State v. Houston-Sconiers*,[6] *In re Pers. Restraint of Ali*,[7] and *In re Pers. Restraint of Domingo-Cornelio*.[8] These cases also fail to provide Ralls the relief he seeks. *Miller* held that the Eighth Amendment forbids mandatory sentences of life without parole for *juvenile* offenders. 567 U.S. at 479-80. In *Houston-Sconiers*, our Supreme Court held that the Eighth Amendment requires the trial court to

---

[5] 567 U.S. 460, 471-75, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[6] 188 Wn.2d 1, 20-21, 391 P.3d 409 (2017).

[7] 196 Wn.2d 220, 233-36, 474 P.3d 507 (2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021).

[8] 196 Wn.2d 255, 262-66, 474 P.3d 524 (2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1753, 209 L. Ed. 2d 515 (2021).

consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. 188 Wn.2d at 21. But the *Houston-Sconiers* decision was expressly limited to sentencing juveniles in the adult criminal justice system. 188 Wn.2d at 34. Likewise, the defendants in *Ali* and *Domingo-Cornelio* were juveniles when they committed their crimes. *Ali*, 196 Wn.2d at 234-36; *Domingo-Cornelio*, 196 Wn.2d at 263-65. But Ralls was not a juvenile when he committed his crime—he was 19 years old. Ralls fails to argue why *Houston-Sconiers* should be extended to him.

We affirm Ralls's amended judgment and sentence but remand for the trial court to correct its scrivener's error by striking the supervision fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Glasgow, C.J.