# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  53637-4-II |
| ANDREW JAMES BOYD, | |
| Petitioner. | UNPUBLISHED OPINION |

PRICE, J. — In this personal restraint petition, Andrew J. Boyd seeks relief from personal restraint imposed following his 2015 guilty plea to first degree murder.  Boyd, who was 18 years old when he committed his crimes, argues that the trial court erred when it failed to consider his youth before imposing his 320-month sentence.  He further argues that this issue is not time barred because of a significant, material, retroactive change in the law.  We disagree and dismiss this petition as time barred.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final.  Boyd's judgment and sentence became final when he pleaded guilty in 2015.  RCW 10.73.090(3)(a).  Boyd did not file this petition until 2019, well over one year later.  Thus, this petition is time barred unless Boyd establishes that one of the six time-bar exceptions set out RCW 10.73.100 applies to his petition.[1]  RCW 10.73.100.  Under RCW 10.73.100(6), the time bar does not apply if:

---

[1] A petition may also overcome the time bar if the petitioner establishes that the judgment and sentence is facially invalid or it was not rendered by a court of competent jurisdiction.  RCW 10.73.090(1).  Boyd does not assert that his judgment and sentence is facially invalid or that it was not rendered by a court of competent jurisdiction.

There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Boyd argues that his petition is not time barred under RCW 10.73.100(6) because *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), and *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), are significant, material, retroactive changes in the law that require the trial court to meaningfully consider youth during sentencing. He further argues that, although these two cases involve juveniles and not young adult offenders like him, their holdings have been extended to young adults by *In re Personal Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021), *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021), and *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021).

Boyd is incorrect. First, our Supreme Court has held that *O'Dell* was not a significant change in the law. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 338, 422 P.3d 444 (2018). Second, *Houston-Sconiers* is expressly limited to juvenile defendants, and Boyd was not a juvenile when he committed his offenses. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 831-32, 508 P.3d 687, *review denied*, ___ Wn.2d ___ (No. 1009585) (2022). Third, Boyd's reliance on *Ali* and *Cornelio-Domingo*, is not persuasive because those cases addressed whether *Houston-Sconiers* was a significant, material, retroactive change in the law with respect to juvenile offenders, and Boyd was not a juvenile at the time of his crimes. 196 Wn.2d at 229, 234; 196 Wn.2d at 259, 262-66.

Finally, Boyd's heavy reliance on *Monschke* is similarly misguided. *Monschke* extended *Houston-Sconiers* to young adult offenders who were convicted of aggravated first degree murder and sentenced to a mandatory sentence of life without the possibility of parole. 197 Wn.2d at 326. Boyd argues a natural extension of *Monschke* means that *Houston-Sconiers* must be broadly applied to young adult offenders. But in recent decisions, our Supreme Court has refused to extend *Houston-Sconiers* to young adult offenders who were convicted of other crimes and not sentenced to mandatory life sentences. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24, 513 P.3d 769 (2022) ("Even if *Monscke's* lead opinion could be read as announcing a holding of this court, Kennedy cannot show that such a holding is material to his sentence because he was neither convicted of aggravated first degree murder under RCW 10.95.020 nor sentenced to mandatory [life without parole] under RCW 10.95.030."); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 84, 514 P.3d 653 (2022). Accordingly, Boyd does not establish a significant, material, retroactive change in the law.

Because Boyd fails to show that the issue raised in his petition meets an exception to the time bar, this petition is time barred. We dismiss Boyd's petition.

No. 53637-4-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.