# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>MELVIN CARLOS EDWARDS,<br><br>                         Petitioner. | No. 57376-8-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — In this Personal Restraint Petition (PRP), Melvin Edwards challenges the sentence he received in 2014 as a juvenile in adult court for second degree rape and first degree kidnapping. He was also convicted of first degree attempted murder in juvenile court. Edwards pleaded guilty to these crimes and is currently serving an indeterminate sentence of 158 months to life. He completed the six-and-a-half-year sentence he received for the attempted murder conviction in a juvenile facility.

Edwards filed a CrR 7.8 motion for relief which was transferred to this court as a PRP after a hearing in September 2022. Edwards, who was 14 at the time of his crimes, argues that he is entitled to a resentencing hearing due to the sentencing court's failure to meaningfully consider the mitigating factors of his youth as required by *Houston-Sconiers*. However, under the recent supreme court cases of *In re Personal Restraint of Carrasco* and *In re Personal Restraint of Hinton*, Edwards' petition is time barred because he relies solely on the *procedural* violation of *Houston-Sconiers* for his claim for relief.

Second, even if this court were to consider the merits of his petition, he fails to demonstrate actual and substantial prejudice because he has not shown that the sentencing court, when faced with additional evidence of the mitigating factors of youth, would have imposed a sentence lower than what he received, particularly in light of the fact that the sentence he received is precisely what he agreed to and advocated for in his plea agreement. Accordingly, we deny Edwards' petition.

FACTS

I. CRIME AND PLEA AGREEMENT

In July 2013, Melvin Edwards "abducted a seven-year-old child, took her into a secluded forested area, raped her, and attempted to kill her via strangulation." Br. of Resp't at 3. The State charged Edwards with first degree attempted murder with sexual motivation, first degree rape, first degree child rape, and first degree kidnapping with sexual motivation. Had Edwards not entered into a plea agreement, he faced the following consecutive standard sentencing ranges: 187.5 to 249.75 months for first degree attempted murder plus 24 months for the sexual motivation sentencing enhancement; 93 to 123 months to life for first degree rape; and 51-68 months for first degree kidnapping plus 24 months for the sexual motivation sentencing enhancement. In total, before the plea agreement, Edwards faced 31.625 to 40.73 years to life.

Edwards ultimately pleaded guilty to attempted murder in the first degree, rape in the second degree,[1] and kidnapping in the first degree. Edwards stipulated to decline to adult court for the rape and kidnapping charges. In remanding the rape and kidnapping charges to adult court, the

_____

[1] Had Edwards not entered into a plea agreement with the State, he faced a charge of rape in the first degree rather than second degree.

trial court considered the *Kent* factors. The parties stipulated that the *Kent* criteria supported declination to adult court.

Pursuant to the plea agreement, the attempted murder charge remained in juvenile court and he agreed to a manifest injustice sentence until his 21st birthday, making his sentence in juvenile court just over six and a half years. He served his juvenile sentence and is now serving a sentence of 158 months to life (running consecutively to his juvenile sentence). Edwards was 14 years old at the time of the crime. He is now 24 years old.

## II. SENTENCING HEARING

During Edwards' sentencing hearing, his defense counsel explained to the court that Edwards "is a child" who was "raised in some very difficult circumstances, . . . some of which were quite appalling." Clerk's Papers (CP) at 38. He went on to explain that Edwards "is a special needs child," and was at a second-grade reading level at the time of the crime, even though he was 14, and had a somewhat "childlike understanding of things." *Id.*

The sentencing court also received a pre-sentence investigation report. The report discussed his age, history of abuse, special needs, mental health diagnoses, and some of the difficulties he experienced in childhood. Edwards was diagnosed with ADHD and bipolar disorder. He endured years of physical abuse from his stepdad and attempted suicide in 2012 during an episode in which he lashed out at his mother and brother and jeopardized their safety to the point that police were called to restrain Edwards.

## III. POST-CONVICTION PROCEDURE

The judgment and sentence in Edwards' case became final on October 31, 2014. In March 2022, Edwards filed a CrR 7.8 motion requesting resentencing under *State v. Houston-Sconiers*.

The State requested that the CrR 7.8 motion be transferred to this court as a PRP. The trial court transferred Edwards' motion to this court in September 2022.

## DISCUSSION

### I. EDWARDS FAILS TO DEMONSTRATE THAT HE IS ENTITLED TO RESENTENCING BASED ON THE SENTENCING COURT'S PROCEDURAL ERROR IN FAILING TO MEANINGFULLY CONSIDER MITIGATING FACTORS OF YOUTH

Edwards argues that he is entitled to a resentencing hearing because the sentencing court failed to meaningfully consider the mitigating qualities of youthfulness when it sentenced him to an indeterminate sentence of 158 months to life. He argues that, as such, prejudice should be presumed under *Domingo-Cornelio*. The State responds that the sentencing court did, in fact, consider Edwards' youth, and that Edwards cannot demonstrate actual and substantial prejudice because he received the precise sentence he requested.

We deny Edwards' petition because a sentencing court's procedural error alone in not considering the *Houston-Sconiers* factors is not retroactive and does not constitute per se prejudice in a personal restraint petition. Edwards must demonstrate actual and substantial prejudice by showing that he would have received a shorter sentence had the sentencing court meaningfully considered the mitigating qualities of youthfulness at the time of his original sentencing. Even if Edwards' petition were not time barred based on the non-retroactivity of a procedural *Houston-Sconiers* violation—the only error he asserts—Edwards fails to show actual and substantial prejudice and is therefore not entitled to relief.

A. Legal Principles

*1. Meaningful consideration of the mitigating factors of youth*

In 2017, our supreme court held that "trial courts have full discretion to impose sentences below [the Sentencing Reform Act] SRA guidelines and/or statutory enhancements based on youth." *State v. Houston-Sconiers*, 188 Wn.2d 1, 18, 391 P.3d 409 (2017) (capitalization omitted). The court explained that according to *Miller v. Alabama*, sentencing courts must consider a defendant's age and mitigating factors of youth such as a defendant's " 'immaturity, impetuosity, and failure to appreciate risks and consequences.' " *Id.* at 23 (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). Additional mitigating factors that courts must consider include familial and peer pressure, family circumstances, the defendant's surrounding environment, and "how youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated." *Id.* In 2020, the supreme court held that *Houston-Sconiers* "requires retroactive application on collateral review." *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 259, 474 P.3d 524 (2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1753, 209 L. Ed. 2d 515 (2021).

*2. Actual and substantial prejudice*

Generally, a petitioner seeking relief on collateral review must, by a preponderance of the evidence, demonstrate actual and substantial prejudice when alleging a constitutional error. *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 599, 520 P.3d 939 (2022). In the context of sentencing juveniles under the SRA, a petitioner does not demonstrate per se prejudice by showing merely that the sentencing court committed a procedural error under *Houston-Sconiers*. *Id.* "Rather, a petitioner must show by a preponderance of the evidence that his sentence would have

been shorter if the sentencing judge complied with *Houston-Sconiers*. This requires something more than merely showing the judge did not comply with *Houston-Sconiers'* dual mandates." *Id.* If the sentencing court imposed the lowest sentence in the sentencing range, then that "is evidence that the judge was willing to consider mitigating factors that justify a lower sentence," in cases where a petitioner is alleging that the sentencing court failed to consider the mitigating qualities of his youth prior to imposing the sentence. *Domingo-Cornelio*, 196 Wn.2d at 268.

### 3. Retroactivity of Houston-Sconiers

In 2020, the supreme court held that *Houston-Sconiers* "requires retroactive application on collateral review." *Id.* However, *Houston-Sconiers* has a procedural component and a substantive component. *Forcha-Williams*, 200 Wn.2d at 594. The supreme court recently clarified that only the substantive component of *Houston-Sconiers* is retroactive. *See In re Pers. Restraint of Carrasco*, 1 Wn.3d 224, 233, 525 P.3d 196 (2023) ("[T]his court has since confirmed that *Houston-Sconiers*' procedural 'dual mandates' are not retroactive and therefore do not apply on collateral review to a sentence that is long final."); *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 331, 525 P.3d 156 (2023) ("Therefore, the rule announced by *Houston-Sconiers* that applies retroactively to Hinton's case is the substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment.' " (alteration in original) (quoting *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 239, 474 P.3d 507.)) Thus, a claim of error brought more than one year after a judgment becomes final that is predicated solely on a *procedural* violation of *Houston-Sconiers* is not retroactive under RCW 10.73.100(6).

B. Application

Assuming without deciding that the trial court did not meaningfully consider any mitigating circumstances relating to Edwards' youth[2], this court should deny Edwards' petition for three reasons. First, Edwards relies solely on the *procedural* violation of *Houston-Sconiers* to argue that he has suffered actual and substantial prejudice. Edwards claims that "[o]nce a petitioner shows that a *Houston-Sconiers* sentencing did not occur, he has shown actual and substantial prejudice." Pet'r Br. at 6. As support for this statement, Edwards cites to this court's decision in *In re Personal Restraint of Miller*, 21 Wn. App. 2d 257, 264, 505 P.3d 585 (2022). He argues that "[a] sentencing court's failure to weigh and consider the mitigating qualities of youth as mandated by *Houston-Sconiers* is an error of constitutional magnitude that creates a presumption of prejudice under *Domingo-Cornelio* and mandates a new sentencing hearing." Pet'r Br. at 6. [3]

This understanding of *Domingo-Cornelio* is inaccurate. In *Forcha-Williams*, the supreme court stated explicitly that "*Domingo-Cornelio* did not establish a per se prejudice rule based solely

---

[2] Edwards claims that the sentencing court "never meaningfully considered any mitigating circumstances relating to his youth." Pet'r Br. at 4. This argument ignores the fact that the sentencing court did in fact grapple to some extent with the mitigating factors of his youth. While it was not discussed at length during the sentencing hearing, the court was presented with the pre-sentence investigation which outlined his childhood abuse, learning difficulties, and family environment, among other factors. Additionally, the court considered the *Kent* factors before declining the rape and kidnapping charges to adult court. The sentencing court did not ignore mitigating factors of Edwards' youth entirely, as was the case in *Domingo-Cornelio*. That said, the examination of the mitigating qualities of Edwards' youth by the sentencing court arguably fell short of that contemplated by *Houston-Sconiers*.

[3] While we could have been more precise in our wording on this point in *Miller*, Edwards omits the passage in *Miller* that says "[a]nd it is more likely than not that Miller would have received a lesser sentence had the sentencing court complied with *Houston-Sconiers*." *Miller*, 21 Wn. App.2d at 264. Thus, we did not rely on the *procedural* violation of *Houston-Sconiers* alone to reach our conclusion that Miller demonstrated prejudice.

on a *Houston-Sconiers* error." *Forcha-Williams*, 200 Wn.2d at 599. The court explained that a petitioner must do more than merely show that the sentencing court did not comply with *Houston-Sconiers'* dual mandates. *Id*. Rather, the petitioner must demonstrate that had the court complied with *Houston-Sconiers*, he would have received a shorter sentence. *Id*. Edwards' argument ignores this holding. Edwards does not, at any point in his brief, argue that he suffered a *substantive* violation of the 8th Amendment because his sentence more likely than not would have been shorter if the sentencing judge complied with *Houston-Sconiers* at his original sentencing hearing. *Id*.

Second, Edwards' argument also overlooks that our supreme court recently clarified that a procedural *Houston-Sconiers* violation is not, by itself, retroactive. *Carrasco*, 1 Wn.3d at 233; *Hinton*, 1 Wn.3d at 330-31. As Edwards relies on the procedural *Houston-Sconiers* violation alone, and does not argue that he suffered a substantive violation of the 8th Amendment because his sentence would have been shorter if the trial court had complied with the procedural mandate of *Houston-Sconiers* at his original sentencing, his petition is time barred under *Carrasco* and *Hinton*.[4]

Third, even if this petition were not time barred and Edwards had argued a substantive violation of the 8th Amendment, Edwards fails to demonstrate by a preponderance of the evidence that his sentence would have been shorter had the sentencing court complied with the procedural mandate of *Houston-Sconiers*. The reason he cannot make this showing is because the sentence he received is the precise sentence he asked for and agreed to as part of his carefully negotiated plea agreement.

---

[4] We note that neither party discusses or cites *Carrasco* or *Hinton*. Both of these supreme court decisions were issued prior to the briefing in this case and were available to the parties.

Although Edwards relies on *Domingo-Cornelio* as support for his prejudice claim, the facts of his case bear almost no factual similarity to the facts in that case. Domingo-Cornelio was convicted after a jury trial, and at sentencing both he and the State were free to argue for any sentence that each felt appropriate. *Domingo-Cornelio*, 196 Wn.2d at 259-60. The State recommended a sentence at the top of the standard range while Domingo-Cornelio recommended a sentence at the bottom. *Id*. at 260. The trial court sided with Domingo-Cornelio in the face of these competing recommendations and imposed a sentence at the bottom of the range. *Id.* at 261.

Here, the parties entered into an intricate plea settlement in which the parties agreed that the attempted murder charge would be adjudicated in juvenile court and the rape second degree and kidnapping first degree charges adjudicated in adult court, with joint sentencing recommendations as to each count. In the State's offer of settlement, it noted that if Edwards rejected the State's plea offer and did not prevail at the decline hearing, Edwards would be proceeding to trial on attempted murder in the first degree with sexual motivation, first degree rape, first degree rape of a child, and first degree kidnapping with sexual motivation.

Had Edwards been convicted of all of his crimes in adult court, his maximum exposure on the attempted murder count alone was 270 months in prison. The plea agreement provided that Edwards would remain in Juvenile Rehabilitation Administration until his 21st birthday on the attempted first degree murder count and then serve an agreed sentence of 158 months thereafter in the Department of Corrections on the other two counts.

Not only did Edwards not receive a sentence at the bottom of the standard range as in *Domingo-Cornelio*, but he received the exact sentence he bargained for and requested. Edwards points to no evidence in the record suggesting that the trial court would have given him a lower

9

sentence than the one he specifically bargained for had it complied with the procedural mandate of *Houston-Sconiers* at his original sentencing hearing.[5] As such, Edwards fails to demonstrate actual and substantial prejudice.

## CONCLUSION

Edwards' PRP is barred, and it would fail on its merits even if it were not. We deny Edwards' PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, C.J.

PRICE, J.

---

[5] We also note the futility of remanding Edwards' case for resentencing when he is bound by his plea agreement to request the precise sentence he already received.