# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55774-6-II |
| Appellant, | |
| v. | |
| JOHN T. MCWHORTER | UNPUBLISHED OPINION |
| Respondent, | |

LEE, J. — The State appeals the superior court's order denying its motion to transfer John T. McWhorter's motion to modify his judgment and sentence to consider youth as a mitigating factor to this court for consideration as a personal restraint petition (PRP) and ordering a resentencing hearing. After we dismissed this appeal, our supreme court reversed, holding that the superior court's order was appealable under RAP 2.3(b)(3) because the superior court necessarily vacated McWhorter's judgment and sentence by ordering resentencing. Our supreme court remanded to this court for further proceedings.

On remand, based on the current law regarding juvenile sentencing, we hold the superior court should have transferred McWhorter's motion to this court for consideration as a PRP. However, for the sake of judicial economy, rather than reversing the superior court's order and remanding with instructions to transfer McWhorter's motion back to this court for consideration as a PRP, we convert McWhorter's motion to a PRP and dismiss the PRP as untimely.

## FACTS

In 1997, McWhorter participated in a gang rape where the victim was raped multiple times by multiple people, including McWhorter, over several hours.[1]  McWhorter pleaded guilty to first degree rape, second degree rape, and first degree robbery, all with firearm sentencing enhancements.  McWhorter was 17 years old at the time of the crimes.

The sentencing court imposed an exceptional sentence of 496 months total confinement, which included an exceptional sentence of 316 months and three consecutive 60 month firearm sentencing enhancements.  In 1999, on remand following appeal, the sentencing court amended McWhorter's sentence by ordering the firearm sentencing enhancements to run concurrent to each other but consecutive to the exceptional upward sentence.  This resulted in 376 months of total confinement.

In August 2016, McWhorter filed a motion to modify his judgment and sentence to consider youth as a mitigating factor.  The motion was transferred to this court for consideration as a PRP because the superior court determined the motion was time barred.  We stayed consideration of the PRP pending the outcome of various cases addressing juvenile sentencing.  Order Remanding CrR 7.8(c) Transfer Order, *In re Pers. Restraint of McWhorter*, No. 49557-1-II (Wash. Ct. App. Nov. 3, 2020).  We then remanded the case back to the superior court for further consideration in light of recent supreme court opinions addressing juvenile sentencing.  Order Remanding CrR 7.8(c) Transfer Order, *McWhorter*, No. 49557-1-II.

---

[1]  The full facts of the rape are set out in this court's unpublished opinion affirming his exceptional sentence in part and reversing in part.  *State v. McWhorter*, noted at 95 Wn. App. 1020, 1999 WL 239443 (1999).  Due to the nature of the incident we do not repeat the details again here.

McWhorter filed a memorandum arguing that he was entitled to resentencing because the sentencing court failed to comply with *Houston-Sconiers*'s[2] requirement that the sentencing court consider the mitigating qualities of youth and recognize that it had the discretion to impose any sentence below the applicable standard sentencing range. The State moved to transfer McWhorter's motion back to this court because McWhorter could not make a substantial showing that he was entitled to relief. The State argued that McWhorter was unable to make a substantial showing that he is entitled to relief because he could not show actual and substantial prejudice.

The superior court concluded that McWhorter's motion was not time barred. The superior court also concluded that McWhorter had made a substantial showing that he was entitled to relief because it was clear his youth was not considered at his sentencing. The superior court denied the State's motion to transfer McWhorter's CrR 7.8 motion and ordered a resentencing hearing.

The State appealed. Initially, this court dismissed the State's appeal because an order denying a CrR 7.8 transfer is not appealable. However, our supreme court held that, because the superior court ordered resentencing, the order necessarily vacated McWhorter's judgment and sentence. *State v. McWhorter*, 2 Wn.3d 324, 328, 535 P.3d 880 (2023). Therefore, our supreme court held that the order was appealable under RAP 2.3(b)(3) and remanded the matter back to this court for further proceedings. *Id*.

ANALYSIS

The State argues that the superior court erred by denying its motion to transfer McWhorter's motion to modify his judgment and sentence to this court because McWhorter failed to make a substantial showing that he was entitled to relief. Based on our Supreme Court's recent

---

[2] *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

decisions regarding juvenile sentencing, it is clear that McWhorter's petition is time barred. However, for the sake of judicial economy, rather than reversing the superior court's order and remanding with instructions to transfer McWhorter's motion back to this court for consideration as a PRP, we convert McWhorter's motion to a PRP and dismiss it as untimely.

A motion that seeks resentencing is a collateral attack on a judgment and sentence. *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.3d 858 (2021); RCW 10.73.090(2) ("'[C]ollateral attack' means any form of postconviction relief other than a direct appeal."). Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

RCW 10.73.100(6) provides an exception to the one year time bar when

> [t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Our supreme court has held that *Houston-Sconiers* was a significant change in the law that applied retroactively, satisfying the exception to the one year time bar in RCW 10.73.100(6). *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021).

However, our Supreme Court has since clarified that *Houston-Sconiers* established both a substantive and a procedural rule, and only the substantive rule applies retroactively. *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 328-29, 525 P.3d 156 (2023). "*Houston-Sconiers* established the substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard [Sentencing Reform Act of 1981

4

(SRA), chapter 9.94A RCW] ranges and enhancements would be disproportionate punishment.'" *Id.* (first alteration in original) (quoting *Houston-Sconiers*, 188 Wn.2d at 239). "*Houston-Sconiers* 'also established a mechanism necessary to effectuate that substantive rule: sentencing courts must consider the mitigating qualities of youth and have discretion to impose sentences below what the SRA mandates.'" *Id.* at 329 (quoting *Houston-Sconiers*, 188 Wn.2d at 237). These dual mandates of *Houston-Sconiers*'s procedural rule effectuate the substantive rule. *Id.*; *In re Pers. Restraint of Carrasco*, 1 Wn.3d 224, 237, 525 P.3d 196 (2023) (the dual mandates of *Houston-Sconiers*'s procedural rule require sentencing courts to consider the mitigating qualities of youth and appreciate their discretion to depart from the standard ranges; the dual mandates of the procedural rule implement *Houston-Sconiers*'s substantive rule). "*Ali* and *Domingo-Cornelio*[3] gave only *Houston-Sconiers*'s substantive rule retroactive effect." *Hinton*, 1 Wn.3d at 330-31.

Here, McWhorter's judgment and sentence was final, at the latest, in 1999. *See* RCW 10.73.090(3)(a). Therefore, McWhorter's CrR 7.8 motion, filed in August 2016, is time barred unless it is based on a ground that meets an exception in RCW 10.73.100.[4]

RCW 10.73.100(6) provides an exception to the time bar for collateral attacks based on a significant, material, retroactive change in the law. But McWhorter's CrR 7.8 motion alleged only a violation of the procedural rule in *Houston-Sconiers*. Because *Houston-Sconiers*'s procedural rule is not retroactive, McWhorter's motion was not based on a significant, material, retroactive

---

[3] *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021).

[4] McWhorter does not argue that his judgment and sentence is facially invalid or rendered by a court without competent jurisdiction. *See* RCW 10.73.090(1).

change in the law. *See Hinton*, 1 Wn.3d at 330-31; *Carassco*, 1 Wn.3d at 237. Accordingly. McWhorter's CrR 7.8 motion is time barred.

Under CrR 7.8(c)(2), the superior court must transfer a CrR 7.8 motion to this court for consideration as a personal restraint petition unless it is not time barred and the defendant has made a substantial showing that they are entitled to relief or a factual hearing is required to resolve the motion.[5] Based on recent case law clarifying that McWhorter's motion is time barred, the superior court did not have authority to retain jurisdiction and decide the motion. Instead, the superior should have transferred the motion to this court for consideration as a PRP. However, for the sake of judicial economy, rather than remand this matter to the superior court with instructions to transfer the matter to this court for consideration as a PRP, we convert McWhorter's motion to a personal restraint petition.[6] *See State v. Smith*, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008).

Generally, a PRP that is barred by RCW 10.73.090 will be dismissed. *See* RAP 16.8.1. As explained above, McWhorter's petition is based on a violation of *Houston-Sconiers*'s procedural rule, which is not retroactive. Therefore, the exception to the time bar in RCW 10.73.100(6) does

---

[5] CrR 7.8(c)(2) provides:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

[6] The alternative remedy would require reversing the superior court's order and remanding back to the superior court to transfer McWhorter's motion to this court for consideration as a PRP. McWhorter's motion has been pending since it was originally filed in 2016 and has already been remanded to the superior court once. And because McWhorter's motion is time barred, the result would be the same—dismissal—after the motion is transferred back to this court. Therefore, judicial economy clearly favors converting McWhorter's motion to a PRP.

not apply and McWhorter's petition is time barred under RCW 10.73.090. Accordingly, McWhorter's petition must be dismissed.

CONCLUSION

The superior court should have transferred McWhorter's motion to this court for consideration as a PRP. However, rather than reverse the superior court's order and remand with instructions to transfer the case to this court for consideration as a PRP, we convert McWhorter's motion to a PRP and dismiss the PRP as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Che, J.