IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>CHARLES BUKOVSKY,<br><br>        Petitioner. | No. 86618-4-I<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — In this personal restraint petition (PRP), Charles Andrew Bukovsky seeks relief from the 2007 sentence the court imposed following his jury conviction for murder in the second degree. Bukovsky argues that he is entitled to resentencing under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), because the trial court did not consider the mitigating qualities of his youth when it imposed his sentence. Because Bukovsky's asserted claim of error is subject to the one-year time limit for collateral attack under RCW 10.73.090(1), we dismiss his PRP as untimely.

FACTS[1]

On September 5, 2006, Brian Lewis intervened in a fight between John Gordon and a woman. The situation escalated when Gordon hit Lewis in the face. As Lewis tried to run, Gordon punched him several times, causing him to fall to

---

[1] We take the facts from the Supreme Court opinion on review of Bukovsky's direct appeal, *State v. Gordon*, 172 Wn.2d 671, 260 P.3d 884 (2011), and repeat them only as necessary.

the ground. Bukovsky and Gordon began punching and kicking Lewis while he was on the ground, and they continued to punch and kick Lewis while one of their friends held him in a choke hold. Lewis died in the ambulance on the way to the hospital. Bukovsky was 17 years old at the time of the offense.

By amended information, the State charged Bukovsky with murder in the second degree with the aggravating factors of deliberate cruelty and a particularly vulnerable victim. The jury found Bukovsky guilty as charged, including the aggravating factors. The standard range for the crime was 144 to 244 months of confinement. At sentencing, the State recommended an exceptional sentence at the high end of the standard range, plus 144 months for the aggravating factors, for a total of 388 months of confinement. Bukovsky requested a low-end standard-range sentence of 144 months.

Given the aggravating circumstances, the sentencing court accepted the State's recommendation and imposed an exceptional sentence of 388 months. Our Supreme Court affirmed Bukovsky's conviction and sentence on review of his direct appeal.[2] The Supreme Court entered a mandate on October 12, 2011.

In August 2018, Bukovsky filed a CrR 7.8 motion for relief from judgment in Pierce County Superior Court. He requested resentencing in light of *Houston-Sconiers* and *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), based on his youth at the time he committed the crime. The trial court determined that the matter was time barred and transferred it to Division Two of this court for

---

[2] *Gordon*, 172 Wn.2d at 681-82.

consideration as a PRP. Division Two stayed consideration of the matter pending our Supreme Court's decisions in *In re Personal Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), and *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020).

After the Supreme Court issued its opinions for *Ali* and *Domingo-Cornelio*, Division Two lifted its stay and remanded Bukovsky's CrR 7.8 motion to the superior court for further consideration of whether his motion was time barred. Bukovsky argued that his motion was timely because *Houston-Sconiers* applied retroactively under *Ali* and *Domingo-Cornelio*, and that the sentencing court's failure to meaningfully consider the mitigating factor of his youthfulness prejudiced him.

On November 16, 2022, the superior court found that Bukovsky's motion was not time barred based on the retroactivity of *Houston-Sconiers* and granted his motion for resentencing. But our Supreme Court then issued several opinions that significantly clarified or altered its previous jurisprudence about resentencing based on youthfulness, including *In re Personal Restraint of Forcha-Williams*, 200 Wn.2d 581, 520 P.3d 939 (2022), *In re Personal Restraint of Williams*, 200 Wn.2d 622, 520 P.3d 933 (2022), *In re Personal Restraint of Hinton*, 1 Wn.3d 317, 525 P.3d 156 (2023), and *In re Personal Restraint of Carrasco*, 1 Wn.3d 224, 525 P.3d 196 (2023).

On March 17, 2023, the State moved to dismiss Bukovsky's CrR 7.8 motion or transfer the matter to this court as a PRP. The State argued that given the Supreme Court's recent opinions, the superior court should strike the

3

resentencing hearing because Bukovsky's motion was now time barred. The superior court agreed the motion was untimely and transferred the matter to this court as a PRP.

ANALYSIS

Bukovsky argues that his PRP is timely under RCW 10.73.100(7) and requires resentencing because the 2007 sentencing court erred by not meaningfully considering the mitigating qualities of his youthfulness when it imposed an exceptional sentence of 388 months. We disagree.

A petitioner challenging a judgment and sentence must file a PRP within one year after the judgment becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A petitioner bears the burden of showing that they timely filed the PRP. *In re Pers. Restraint of Quinn*, 154 Wn. App. 816, 832, 226 P.3d 208 (2010).

Bukovsky's judgment and sentence became final when the Supreme Court issued its mandate in 2011. *See* RCW 10.73.090(3)(b). So, under RCW 10.73.090(1), his claim is presumptively time barred unless he can show that his judgment and sentence is facially invalid or that it was not entered by a court of competent jurisdiction. Bukovsky does not make such a showing. But he can avoid the time limit specified in RCW 10.73.090(1) if he can show that one of the exceptions under RCW 10.73.100 apply, such as a significant change in the law.

RCW 10.73.100(7).[3]

Bukovsky contends that *Houston-Sconiers* constitutes a significant change in the law that is material to his conviction under RCW 10.73.100(7) and that it operates retroactively, exempting his petition from RCW 10.73.090(1)'s one-year time bar. He also contends that the trial court's failure to consider the required factors of his youth at sentencing "demonstrated actual and substantial prejudice."

In *Houston-Sconiers*, our Supreme Court held that the Eighth Amendment to the United States Constitution requires a sentencing court to "consider mitigating qualities of youth at sentencing," and so the court "must have discretion to impose any sentence below the otherwise applicable SRA[4] range and/or sentence enhancements." 188 Wn.2d at 20-21. But in later decisions, the court clearly distinguished between the substantive and procedural rules announced in *Houston-Sconiers*.

The *Houston-Sconiers* substantive rule, which applies retroactively on collateral review, provides that "courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment.' " *Hinton*,

---

[3] RCW 10.73.100(7) provides that the one-year time bar under RCW 10.73.090(1) does not apply when

> [t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

[4] Sentencing Reform Act of 1981, chapter 9.94A RCW.

1 Wn.3d at 323, 328-29[5] (quoting *Ali*, 196 Wn.2d at 239). The *Houston-Sconiers* procedural rule, which effectuates the substantive rule and does not apply retroactively, provides that " 'sentencing courts must consider the mitigating qualities of youth and have discretion to impose sentences below what the SRA mandates.' " *Id.* at 323, 329 (quoting *Ali*, 196 Wn.2d at 237).

Our Supreme Court further clarified that a violation of the *Houston-Sconiers* procedural rule does not constitute per se prejudice on collateral review. *Forcha-Williams*, 200 Wn.2d at 599. "Rather, a petitioner must show by a preponderance of the evidence that his sentence would have been shorter if the sentencing judge complied with *Houston-Sconiers*." *Id.* So, to avoid the one-year time bar for collateral attack of a judgment and sentence, Bukovsky must establish a violation of *Houston-Sconiers*' substantive rule by showing that he possessed such diminished culpability at the time of the crime that his sentence amounted to disproportionate punishment. *See Hinton*, 1 Wn.3d at 331; *see also In re Pers. Restraint of Rodriguez*, 29 Wn. App. 2d 17, 19-20, 539 P.3d 849 (2023) (PRP time-barred where petitioner did not assert a violation of *Houston-Sconiers*' substantive rule).

Here, Bukovsky does not allege that his youth diminished his culpability. Instead, he mainly relies on *Ali* and *Domingo-Cornelio* to assert that the sentencing court's failure to meaningfully consider the mitigating factors of his youth was per se prejudicial. But a violation of *Houston-Sconiers*' procedural mandate "does not lead to the conclusion that [Bukovsky] is serving an

---

[5] Alteration in original.

unconstitutional sentence under the Eighth Amendment." *Carrasco*, 1 Wn.3d at 237. Because Bukovsky does not allege a violation of *Houston-Sconiers*' substantive rule, he has failed to establish that *Houston-Sconiers* applies retroactively to his claim. Bukovsky's claim of procedural error under *Houston-Sconiers* is time barred.[6]

Still, Bukovsky asks us to disregard *Forcha-Williams* and *Hinton* because he believes our Supreme Court incorrectly decided those cases. But we are bound by the Washington Supreme Court's decisions. *State v. Mandefero*, 14 Wn. App. 2d 825, 832, 473 P.3d 1239 (2020); *State v. Gore*, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984). Bukovsky's PRP remains untimely.

Bukovsky seeks resentencing only on the basis that the sentencing court violated *Houston-Sconiers*' procedural rule, so RCW 10.73.100(7) does not exempt his PRP from the one-year time bar under RCW 10.73.090(1). Accordingly, we dismiss his PRP as untimely.

_Brennan, J._

WE CONCUR:

_Feldman, J._          _Chung, J._

---

[6] As a result, we do not reach his argument that the 2007 sentencing court erred by not meaningfully considering the mitigating qualities of his youthfulness when it imposed an exceptional sentence of 388 months.