# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>   v.<br><br>STEPHEN DEMETRIUS BOONE,<br><br>               Appellant. | No.  59116-2-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — In 2021, this court remanded Stephen D. Boone's case to the superior court for resentencing.  But based on subsequent case law, the superior court struck Boone's resentencing. Boone appeals.

We recognize that under the current case law, Boone would not likely be entitled to the relief he was granted in 2021, but the superior court's authority following remand is determined by the scope of this court's decision.  Because we explicitly granted Boone relief and remanded for resentencing, the superior court did not have authority to refuse to resentence Boone. Accordingly, we reverse the superior court and remand for resentencing.

## FACTS

In 2005, Boone was found guilty of first degree murder, four counts of first degree robbery, attempted first degree kidnapping, first degree kidnapping, attempted first degree robbery, and second degree unlawful possession of a firearm.  All of the counts included firearm sentencing enhancements except the second degree unlawful possession of a firearm.  On November 18, 2005,

the superior court sentenced Boone to a total term of confinement of 932.25 months. Boone was 16 years old at the time the offenses were committed.

Between 2018 and 2019, based on our Supreme Court's decision in *State v. Houston-Sconiers*,[1] Boone filed several personal restraint petitions, arguing that he was entitled to be resentenced to account for his youth at the time of his offenses. *In re Pers. Restraint of Boone*, No. 51593-8-II consol. with No. 54227-7-II, slip op. at 1 (Wash. Ct. App. May 18, 2021) (unpublished);[2] Pers. Restraint Pet., *In re Pers. Restraint of Boone*, No. 51593-8-II (Mar. 5, 2018); Pers. Restraint Pet., *In re Pers. Restraint of Boone*, No. 54227-7-II (Nov. 15, 2019). In 2021, following two additional opinions, *In re Personal Restraint of Ali*[3] and *In re Personal Restraint of Domingo-Cornelio*,[4] the State conceded that Boone was entitled to be resentenced. *Boone*, slip op. at 2. Based on the State's concession, this court granted Boone's petitions and remanded Boone's judgment and sentence to the superior court for resentencing. *Boone*, slip op. at 2.

Two years later, in 2023, Boone had yet to be resentenced.[5] But based on intervening law from our Supreme Court, the State filed a motion to strike Boone's resentencing, arguing that Boone was no longer eligible for this relief. The superior court agreed with the State and found that there had been a significant change in the law regarding when juveniles sentenced as adults

---

[1] *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

[2] https://www.courts.wa.gov/opinions/pdf/D2%2051593-8-II%20Unpublished%20Opinion.pdf

[3] *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020).

[4] *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020).

[5] It is unclear from the record why Boone had not been resentenced well before 2023.

were entitled to resentencing. Thus, the superior court granted the State's motion to strike the resentencing hearing.

Boone appeals.

ANALYSIS

Boone argues that the superior court erred because the law of the case doctrine precludes the superior court from revisiting this court's opinion that ordered resentencing. The State responds by contending that the superior court had authority to strike the resentencing hearing based on intervening case law because the law of the case doctrine does not apply to superior courts. We disagree with both Boone and the State.

The issue here is straightforward—the scope of the superior court's authority on remand. "The trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate." *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Appellate court decisions rarely address every issue that must be decided by the superior court on remand. *State v. Schwab*, 134 Wn. App. 635, 645, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664 (2008). Therefore, in the absence of specific directives from the appellate court, the superior court is expected "to exercise its authority to decide any issue necessary to resolve the case on remand." *Id.* However, "[s]uperior courts must strictly comply with directives from an appellate court which leave no discretion to the lower court." *Id.*

Applying these principles to the procedural posture of this case, our directive to the superior court left it no discretion. The superior court was required to comply with our directive and hold a resentencing hearing.

Because the superior court had no discretion on *whether* to resentence Boone, the intervening case law relied on by the State was not relevant. The intervening case law pertained to procedural issues related to obtaining resentencing in the first place as relief in a collateral attack to a sentence. *See In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 599, 520 P.3d 939 (2022) (establishing a *Houston-Sconiers* error is not per se prejudicial and holding a petitioner must demonstrate actual and substantial prejudice in order to obtain relief in a personal restraint petition); *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 630-31, 520 P.3d 933 (2022) (clarifying that *Houston-Sconiers* articulated both a substantive and a procedural rule and only the substantive rule applies retroactively for the purposes of the statutory exception to the one-year time bar for collateral attacks); *In re Pers. Restraint of Carrasco*, 1 Wn.3d 224, 230-31, 525 P.3d 196 (2023) (holding that statute providing possibility of early release was an adequate remedy for substantive violation of *Houston-Sconiers* and therefore, RAP 16.4(d) precluded relief through a personal restraint petition); *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 324, 525 P.3d 156 (2023) (same). All four cases—*Forcha-Williams*, *Williams*, *Carrasco*, and *Hinton*—address procedural issues unique to the threshold decision of whether to grant a personal restraint petition or, perhaps, a CrR 7.8 motion (a form of collateral attack filed in the superior court). None of these procedural issues were before the superior court.

To be clear, the superior court will still enjoy broad discretion to decide issues during the resentencing hearing, such as calculation of offender scores, the type and appropriate length of sentence, community custody conditions, etc. But the superior court did not have the discretion to

revisit whether Boone was procedurally entitled to the relief ordered by this court. That horse left the barn in 2021.[6]

## CONCLUSION

Because the superior court acted outside of the scope of its authority on remand by failing to follow a directive of this court, we reverse the superior court's order striking Boone's resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
PRICE, J.

We concur:

_____
VELJACIC, A.C.J.

_____
CHE, J.

---

[6] As we have stated, we recognize that if Boone filed his personal restraint petitions today, it is unlikely that we would grant his petitions and order resentencing. And we appreciate that resentencings, especially in serious cases such as this one, can be difficult on all participants, including family members, witnesses, and victims. It is clear that the superior court was inclined to undertake a pragmatic application of this intervening law to avoid what it considered to be an erroneous resentencing. These practical considerations, however, do not provide a basis to exceed the scope of this court's directives.